## THE UNION REDUCTION CO. *v.* STORY.

*Contempt — Intention to violate injunction — Statutes governing contempt proceedings — Nuisance — Injunction.*

1. In proceedings for the punishment of a defendant charged with violating an order of injunction Sections 11887 and 11888, General Code, relating to contempt for violation of an injunction, are the proper sections to apply, and not the sections providing for the punishment generally of contempt of court.
2. If a person or corporation cannot carry on his or its business without making it so offensive and annoying to others who have property in the neighborhood as to deprive them of the enjoyment and healthful use of their own property, courts of equity should enjoin the continuance of the business entirely.
3. The intention to violate an injunction is not to be considered, if the injunction is actually violated.

(Decided July 9, 1917.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Healy; Ferris & McAvoy* and *Messrs. Peck, Shaffer & Peck,* for plaintiff in error.

*Messrs. Kelley & Remke,* for defendant in error.

BY THE COURT. This case is here on error to a judgment of the superior court of Cincinnati.

The action was brought by defendant in error, John Story, three years ago last October to enjoin the plaintiff in error from committing a nuisance by casting upon the premises of plaintiff, in and about his house, offensive and noisome odors and gases arising from the operation of a reduction plant in the western part of the city. Upon the hearing of the cause in the superior court the de-

fendant was enjoined as prayed for in the petition. Upon error being prosecuted to this court the judgment of the lower court was affirmed. Thereupon counsel for The Union Reduction Company made application to the supreme court for an order directing the court of appeals to certify its record to the supreme court. This application was denied on May 29, 1916. On October 9, 1916, an application was filed in the superior court of Cincinnati, in the original case, for an order on the defendant to show cause why it should not be punished for contempt for its repeated violation of the injunction which had theretofore been entered by the court. A hearing was had, and at the conclusion of the evidence the court found the defendant, The Union Reduction Company, guilty of contempt of court for disobeying the injunction; and imposed a fine of $200 and costs upon it in such contempt proceedings. Error is prosecuted to this court from that judgment.

It was claimed by counsel for The Union Reduction Company, in the case filed in the court below, that the proceedings to punish for contempt in the case should have been brought under Section 12137, General Code, which section provides generally for the punishment of indirect contempt for:

"1.    Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or an officer.

"2.    Misbehavior of an officer of the court in the performance of his official duties, or in his official transactions.

"3.    A failure to obey a subpoena duly served,

or a refusal to be sworn, or to answer as a witness, when lawfully required;

"4. The rescue, or attempted rescue, of a person or of property in the custody of an officer by virtue of an order or process of court held by him.

"5. A failure upon the part of a person, recognized to appear as a witness in court, to appear in compliance with the terms of his recognizance."

The trial court ruled that the proceedings in contempt in this case did not fall under the provisions of Section 12137, but under the special provisions in Sections 11887 and 11888, General Code, providing for the punishment, as for a contempt, of the violation of an injunction or a restraining order.

In this holding we are of the opinion that the trial court did not err, but that these special provisions, Sections 11887 and 11888, relating to contempt for violation of an injunction, are the proper sections to apply to this case, and not the sections providing for the punishment generally of contempt of court. It is elementary law that where there are special statutes relating to a matter they will govern to the exclusion of a general statute touching the same subject-matter.

It is further claimed by plaintiff in error that the rule of evidence to be applied in cases of this kind is the rule applied in criminal cases, to-wit: that it must be established beyond a reasonable doubt that the person charged with the commission of the contempt was guilty. We think it is very doubtful, to say the least, that this rule should be applied in case of a charge of contempt for the violation of an injunction. However that may be, the trial

court ruled with the plaintiff in error,—that the evidence must show beyond a reasonable doubt that the plaintiff in error was guilty of contempt,—so that whether or not that was the proper rule to apply, plaintiff in error cannot complain, as it had the benefit of the rule which it invoked.

The only other question in the case is whether or not the judgment of the court below was against the weight of the evidence. There were nineteen witnesses heard on the charge of contempt, many of them living near this reduction plant and others living as far away as two or three miles. Without undertaking to analyze the testimony, suffice it to say we are clearly of the opinion that the court was warranted, under the evidence, in finding that' the plaintiff in error beyond a reasonable doubt had violated the injunction. We think the evidence clearly established that the plaintiff in error had not done all that it could to eliminate the noxious and nauseating vapors which rendered the property of plaintiff, Story, almost uninhabitable.

It may be said in passing, as has been frequently said in nuisance cases, that those businesses which cannot be conducted without being so obnoxious and noisome to the property owners in the neighborhood as to amount to a nuisance should not be permitted to be conducted at all. If a person or corporation cannot carry on his or its business without making it so offensive and annoying to others who have property in the neighborhood as to deprive them of the enjoyment and healthful use of their own property, courts of equity should enjoin the continuance of the business entirely.

It is further claimed in the case that the plaintiff in error showed no intention to violate the injunction issued by the court and for that reason should not be punished as for contempt of court. We think the intention to violate the injunction is not to be considered, if the injunction was actually violated. The thing forbidden was the operation of the plant in a manner to create an injurious nuisance to the plaintiff Story, and this nuisance might well arise from the failure of the reduction company to do all that it could to operate its plant in a proper manner, by its passive negligence; or it might result from the commission of active wrongs in the operation of its plant. It was bound to take precaution to prevent the nuisance which the court had enjoined, and if the nuisance actually resulted from the operation of the plant it could not be a defense or an excuse that the defendant did not intend to create a nuisance. 2 High on Injunctions (4 ed.), Section 1418, lays down this rule:

"The violation of an injunction constitutes a contempt of the court from which it issued, and will be punished accordingly. Nor does the question of the motive or intent with which the writ was disobeyed alter or vary the responsibility for the violation."

See also *Indianapolis Water Co.* v. *American Strawboard Co.,* 75 Fed. Rep., 972, where it is said at page 975:

"The breach of the injunction consists in doing or failing to do the thing commanded, and not in the intention with which the act was done."

Upon a careful review of the case, we are of the opinion that there was no error committed by the trial court prejudicial to the plaintiff in error, and the judgment is therefore affirmed.

*Judgment affirmed.*

JONES, GORMAN and HAMILTON, JJ., concur.