TAYLOR, APPELLEE, *v.* HOLMES, APPELLANT.

(No. 287—Decided March 29, 1954.)

*Mr. James L. Werner,* for appellee.
*Messrs. Bostwick & Bostwick,* for appellant.

GRIFFITH, P. J. This is an appeal on questions of law from a judgment of the Court of Common Pleas, imposing a fine for the violation of a mandatory order of the court. The court ordered the defendant, appellant herein, to cover all garbage upon the close of each day's operations with a compacted layer of earth to a minimum depth of six inches.

The defendant concedes that he violated the court's order, but contends that his failure to cover at the sanitary fill on the evening of February 11, 1953, was due to the fact that one of the drivers engaged by him did not get the word that a truck load of rubbish was

delivered that day, and that it was unloaded without his knowledge. This is his explanation in the record:

"I had an agreement with the company that was hauling in the rubbish that whenever they had a truck-load of rubbish they were to stop at my office on route 44 and pick up one of the men to go down with them so the rubbish would be placed in the proper place for covering. On this occasion, one of the drivers of this company apparently did not get the word, and he drove in there without taking my man with him and we had no knowledge there was any rubbish in the fill on the 11th. Around noon on the 12th Mr. Ernst come in and informed me one of his drivers had been in the night before and had another load to go in there and we immediately set out to go down to the fill area and prepare for the next load of rubbish to come in. Immediately after that came in, we covered the rubbish. I say 'we' because I had an operator that operated the tractor that covered it. I did not cover it myself but I witnessed it being done."

Defendant contends that he had no intent to violate the court's order, and that no one was injured by reason of his failure to cover on that one night.

Section 12137, General Code, reads, in part, as follows:

"A person guilty of any of the following acts may be punished as for a contempt:

"1. Disobedience of * * * a judgment, * * * of a court * * *."

In the case of *Univis Lens Co.* v. *United Electrical Radio & Machine Workers of America, CIO* (1949), 86 Ohio App., 241, 89 N. E. (2d), 658, the court said, at page 242:

"Whether intent is a necessary element, it seems, is dependent upon the nature of the act complained of. If it was committed in the presence of the court, or so

near the court or judge as to obstruct the administration of justice, the proceeding would be a summary one under Section 12136, General Code. Under this section we are of the opinion that the intent is not a necessary element. On the other hand, if the act comes under any of the classifications set forth in Section 12137, General Code, it seems that a different rule applies.''

The case before us is not that of a direct contempt, and is distinguished from those cases involving direct contempts by reason of the fact that this is a violation of a court order outside the presence of the court.

Can it be said that this defendant's conduct, under the facts presented, in any way tended to obstruct, embarrass or prevent the due administration of justice? He did not refuse to obey the court's order. He had no knowledge that the order had been violated, or motive, or intent. He gave a plausible excuse for the violation.

''Under Section 12137, General Code, a proceeding in contempt must be based upon some order, judgment or command of a court or officer, or it must be dismissed. It is the wilful violation of an order of court which constitutes contempt, and there must be an intent, with knowledge of the order or at least of its nature, to transgress it, before a court will inflict punishment. 9 Ohio Jurisprudence, 79, Section 43.'' *Beach, Jr., v. Beach* (1946), 79 Ohio App., 397, 404, 74 N. E. (2d), 130.

Plaintiff has cited the case of *Union Reduction Co.* v. *Story,* 8 Ohio App., 381, wherein the third paragraph of the syllabus states:

''The intention to violate an injunction is not to be considered, if the injunction is actually violated.''

The facts in that case clearly distinguish it from the one before us. In that case, for three years the de-

fendant had continued to violate the court's order, and then as a defense set up lack of intention.

In the *Univis Lens Co. case, supra,* the court said:

"Whether intent is a necessary element, it seems, is dependent upon the nature of the act complained of."

Applying that expression of the law to the instant case, what was the act complained of? It was defendant's failure to cover the garbage on the one single night when he was innocent of any wrongdoing, and it is quite pertinent to note that on the next day, when knowledge reached him of the fact, he immediately proceeded to the grounds and covered the same. This was done before any complaint was made, and this conduct on his part emphatically shows a lack of intent on his part to violate the court order. It discloses a positive intent on his part to comply with the order. There were no repeated violations of the court's order in the instant case as there were in the case of *Union Reduction Co.* v. *Story, supra.*

We hold that to constitute contempt under the facts in this case, the act must be done wilfully or intentionally, and, there being no proof of such, the judgment of the Common Pleas Court is in error and is reversed.

*Judgment reversed.*

PHILLIPS and NICHOLS, JJ., concur.