Griffith, J.
We are dealing here with a civil contempt as distinguished from a criminal contempt. It is an instance where Roberts was ordered by the Common Pleas Court to divulge the names and locations of the banks where he had deposited moneys received from the sale of certain securities which he had sold. The purpose of the contempt order, issued in a civil action (divorce), was to preserve and enforce the rights of private persons. In other words, this contempt order was civil, remedial and coercive and in no wise was it punitive.
In its journal entry, the court found, in effect, that Roberts’ actions in removing securities from his safety deposit box, converting the securities into cash and depositing the cash proceeds in a bank or hanks, in violation of an injunctive order of the court, constituted an indirect contempt, and that his refusal, as a witness, to divulge to the court the names and locations of the banks in which such deposits were made constituted a direct contempt.
Under the provisions of Sections 2705.01 and 2705.02, Revised Code, the Court of Common Pleas is clothed with power to punish for contempt of court.
Section 2705.01, Revised Code, reads:
“A court, or a judge at chambers, may summarily punish a person guilty of misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice.”
Section 2705.02, Revised Code, reads:
“A person guilty of any of the following acts may he punished as for a contempt:
“(C) A failure to obey a subpoena duly served, or a refusal to be sworn or to answer as a witness, when lawfully required.” (Emphasis added.)
*126 11 Ohio Jurisprudence (2d), 91, Section 4, reads in part as follows:
“* * * a direct contempt being such as is offered in the presence of the court while sitting judicially.”
In the first paragraph of the syllabus in Univis Lens Co. v. United Electrical Radio & Machine Workers of America, 86 Ohio App., 241, it is stated:
‘ ‘ Contempt of court committed in the presence of the court or near enough to obstruct the administration of justice is direct contempt of court-, proceeding for punishment'is a summary one under Section 12136, General Code [Section 2705.01, Revised Code] * * (Emphasis added.)
The refusal of Roberts to disclose the names and locations of the bank or banks where cash proceeds from the sale of the securities had been deposited was a direct contempt of the court in that the act was done in the presence of the court while sitting judicially.
The Court of Common Pleas, a court of general jurisdiction with full equity powers, has the power to issue a temporary injunction (Section 3105.20, Revised Code), and such injunction must be obeyed by parties duly served with notice thereof.
Questions were asked by the court while Roberts was on the witness stand. The court ordered him to answer the questions and he was openly contumacious and defiant of that order. His contentions that the court could hear the action only after written charges were filed and after he was given an opportunity to be heard and after he was able to prepare his defense are unfounded and do not pertain to the procedure for direct contempt proceedings.
In the first paragraph of the syllabus in Hale v. State, 55 Ohio St., 210, it is said:
“The General Assembly is without authority to abridge the power of a court, created by the Constitution, to punish contempt summarily, such power being inherent and necessary to the exercise of judicial functions; and Sections 6906 and 6907 Revised Statutes [Sections 2917.26, 2917.27 and 2917.07, Revised Code] will not be so construed as to impute to the General Assembly an intention to abridge such power.”
The testimony of the contemnor and his refusal to answer *127 the court’s questions under the circumstances of this case show an utter disrespect for the authority of the Court of Common Pleas. He challenged the authority of the court by refusing to answer the questions and to obey the order of the court. His conduct was subverting and defiant to the administration of justice.
Appellant’s contention, that, in the absence of anything in the record to show what he must do to purge himself, his sentence for contempt could conceivably be a life sentence, is without merit. A contemptuous witness, summarily sentenced for refusal to answer a question, when directed to do so by the court, can always purge himself upon application to the court by answering the question propounded in open court.
For the reasons given, the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Zimmerman, Matthias and O’Neill, JJ., concur.