OPINION
The pertinent facts in this case are not disputed. On November 15, 1990, Christopher Mobley was adjudicated the father of Sylvia Danielle Miller by the Juvenile Division of the Montgomery County Common Pleas Court. Mobley was ordered to pay child support for Sylvia, but failed to do so with any regularity. Consequently, on July 28, 2000, the State filed a motion to show cause, asking that Mobley be held in contempt. According to the motion, Mobley last paid child support payments on August 6, 1997, and was $9,384.74 in arrears as of February 16, 2000.
A magistrate heard the matter on February 15, 2001, and issued a decision on April 4, 2001. In the decision, the magistrate noted that Mobley had not voluntarily paid "one cent" in child support during the past year and that an arrearage of $12,138.73 existed. As a result, the magistrate found Mobley in contempt of court and sentenced him to 30 days in jail. The decision did not include any means for purging the contempt. Additionally, the magistrate asked the prosecutor to look into placing the matter on the felony criminal non-payment docket. After the trial judge adopted the magistrate's decision, no further appeal was taken.
Subsequently, the Montgomery County Grand Jury indicted Mobley on two counts of felony non-support under R.C. 2919.21(B). The first count of the indictment alleged that Mobley had recklessly abandoned or failed to provide support as established by a court order for a total accumulated period of 26 out of 104 consecutive weeks (January 31, 1997 — January 30, 1999). The second count contained the same charge, but referenced dates between January 31, 1999 and January 30, 2001. In response, Mobley filed a motion to dismiss, claiming that further prosecution was precluded under the Double Jeopardy Clause. The trial court agreed, and granted the motion to dismiss. The State now appeals, raising the following single assignment of error:
 I. The trial court erred in determining that the prohibition against double jeopardy contained in the Fifth Amendment to the United States Constitution barred the State from prosecuting Appellee for felony non-support of dependants in violation of R.C. 2919.21(B). Contempt of court and a felony violation of R.C. 2919.21(B) each contain an element that the other does not. Therefore, under the test announced in Blockburger v. United States (1932), 284 U.S. 299, 52 S.Ct. 180, the earlier finding of contempt does not bar the later prosecution for felony non-support under R.C. 2919.21(B).
After considering the issue, we agree with the trial court that further prosecution is barred. Accordingly, the trial court judgment will be affirmed.
 I
Under the Double Jeopardy Clause, defendants may not be subjected to successive prosecutions for the same offense. State v. Lovejoy,79 Ohio St.3d 440, 443, 1997-Ohio-371. Double jeopardy may be applied in cases involving contempt charges, but only if the contempt penalty is criminal in nature, rather than civil. Dayton Women's Health Ctr. v.Enix (1991), 68 Ohio App.3d 579, 591. The difference between these types of contempt is that civil contempt is remedial and is designed to stop misconduct, while criminal contempt is punitive and is intended to vindicate the court's authority. Id.
In the present case, the State agrees that the contempt was criminal because imprisonment was imposed without any opportunity for Mobley to avoid punishment by complying with the order. However, the State thinks Mobley can still be properly prosecuted for non-support because the elements of criminal contempt and felony non-support are different. Specifically, the State claims that criminal contempt requires intentional disobedience of a court order, while R.C. 2919.21(B) (the non-support under which Mobley was charged) requires only recklessness. The State additionally notes that under R.C. 2919.21(B), the offender must have failed to provide support for a period of 26 weeks out of 104 consecutive weeks. In contrast, criminal contempt requires no such finding. Thus, since each charge contains an element that the other charge lacks, the State believes double jeopardy does not apply.
To decide if the Double Jeopardy Clause of the Fifth Amendment bars successive prosecutions, courts must use the test outlined in Blockburgerv. United States (1932), 284 U.S. 299, 304, 52 S.Ct. 180, 182,76 L.Ed. 306. State v. Tolbert (1991), 60 Ohio St.3d 89, paragraph one of the syllabus. Compare State v. Rance, 85 Ohio St.3d 632, 1999-Ohio-291
(Blockburger need not be applied to decide if cumulative punishments within a single trial violate double jeopardy; instead, the two-step analysis in R.C. 2941.25 should be used). Because this case involves successive prosecution, not cumulative punishment within a single trial, we will apply Blockburger.
Under Blockburger, the Double Jeopardy Clause "prohibits successive prosecutions for the same criminal act or transaction under two criminal statutes unless each statute `requires proof of a fact which the other does not.'" Tolbert, 60 Ohio St.3d at 90. If application of theBlockburger test "reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other, the subsequent prosecution is barred." Id. at paragraph one of the syllabus. "An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense." State v. Deem (1988), 40 Ohio St.3d 205, 206, paragraph three of the syllabus.
The elements of non-support, as charged in this case, are that "[n]o person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person is legally obligated to support." R.C. 2919.21(B). A further element exists, which elevates the charge to a felony of the fifth degree, where the offender fails to provide support "for a total accumulated period of twenty-six weeks out of one hundred four consecutive weeks, whether or not the twenty-six weeks were consecutive." R.C. 2919.21(G)(1). R.C.2919.21(B) does not specify a degree of intent, but the Ohio Supreme Court has interpreted the statute to require a showing of recklessness.State v. Collins, 89 Ohio St.3d 524, 529-30, 2000-Ohio-231.
In comparison, the contempt statute states, in pertinent part, that "[a] person guilty of any of the following acts may be punished as for a contempt: (A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or officer." R.C. 2705.02. As we mentioned, the State believes the two charges have different elements because indirect criminal contempt requires a showing "that the alleged contemnor intended to defy the court." Midland Steel Prods. Co.v. U.A.W. Local 486 (1991), 61 Ohio St.3d 121, paragraph two of the syllabus. According to the State, this means a purposeful act, and nothing less will suffice for liability. Mobley disagrees, arguing that the contempt statute requires, at most, a showing of recklessness.
In order to properly analyze this point, we first refer to MidlandSteel and what the Ohio Supreme Court said about intent in that case.Midland Steel involved criminal contempt convictions of individuals who had violated a temporary restraining order (TRO) granted during a labor strike. Id. at 122-23. The actual issue before the court was the type of notice required to establish liability. In this regard, the court held that actual notice of the TRO terms was an essential element of the contempt convictions. Id. at 127. However, while discussing criminal contempt, the court remarked that: "[w]e agree with the law as stated inIn re Carroll (1985), 28 Ohio App.3d 6, 10, * * * that in cases of criminal, indirect contempt, it must be shown that the contemnor intended to defy the court." Id. This holding was then repeated in the second paragraph of the court's syllabus. As a factual matter, we note that a party who is unaware of the content of a TRO obviously cannot be said to have intended to disobey the order.
Carroll was like Midland Steel, in that it involved a party who was unaware of a court requirement. Specifically, Carroll involved a successful bidder at a foreclosure sale who was held in contempt for failing to have cash or a certified check available. Instead, the bidder had a letter of credit from his bank. Although the bidder offered to comply with requirements, and actually tried to later tender a certified check, the trial court still held him in contempt. 28 Ohio App.3d at 8. The trial court did acknowledge that the bidder did not intend to violate the rules. Id.
Subsequently, on appeal, the Eighth District Court of Appeals held that in criminal cases of contempt, intent to defy the court is an essential element. Id. at 10. In support of this statement, the Eighth District cited five cases, some of which applied a recklessness standard of intent. Id. For example, in City of East Cleveland v. Reed (1977),54 Ohio App.2d 147, 151, the Eighth District Court of Appeals held that "[c]ontempt is a `willful disregard' and that state can be evidenced by reckless disregard, * * * or at least indifferent regard * * *." Similarly, in Taylor v. Holmes (1954), 96 Ohio App. 181, 184, the Seventh District Court of Appeals reversed a contempt finding because the act was not done willfully or intentionally. In particular, the Seventh District stressed that the single violation of a court order in the case was unintentional. The court also distinguished a prior case, in which a court order had been repeatedly violated. Id.
Our own district has also said that "willful, reckless, or indifferent" conduct provides a sufficiently culpable mental state for criminal contempt. Evans v. Evans (Apr. 6, 1984), Montgomery App. No. 8144, 1984 WL 4831, *4, citing Reed, 54 Ohio App.2d 147, 151. In view of the fact that a recklessness standard was used well before the Ohio Supreme Court's decision in Midland Steel, and was not rejected, we conclude thatMidland Steel did not change the legal requirements by stating that "intent" to defy a court order must exist. In fact, in Midland Steel, the Ohio Supreme Court specifically cited to a line of cases that includes a recklessness standard. We also note that recklessness has been used in an indirect criminal contempt situation after Midland Steel. See In reSprankle (Sept. 29, 1999), Carroll App. No. 678, 1999 WL 783980. InSprankle, the Seventh District Court of Appeals considered a contempt finding where a deputy sheriff had been subpoenaed as a witness for a juvenile court hearing, but failed to appear. The deputy claimed she had forgotten. Id. at *3. Ultimately, the deputy did appear, but the case had already been dismissed due to the State's failure to provide evidence. On appeal, the Seventh District affirmed the contempt finding, stating that:
 "[a]lthough it is possible that forgetfulness, in conjunction with other facts might indicate excusable neglect, mere forgetfulness indicates an indifferent attitude toward a court order. Appellant's indifference satisfies the intent requirement of Midland Steel Prods. Co. and City of East Cleveland v. Reed." Id.
We also find the following observations of the Ohio Supreme Court pertinent, although they were made in a different context:
 "[w]here, after notice and opportunity to be heard, a court order is issued mandating a person to submit child support payments to a specific agency of government, and that agency shows no record of any payments having been received from that person over a period of many years, a circumstantial inference arises that the person was aware of the obligation to pay and yet did not do so. Payment in accordance with such an obligation is an either-or proposition — the obligor either takes intentional actions to pay, or does not. Where no payments reach the agency over a period of many years, it may be inferred that the obligor took no action to ensure payment, and, in fact, intended not to pay." Collins, 89 Ohio St.3d 524, 530, 2000-Ohio-231.
Thus, while a purposeful act is not required for a finding of indirect criminal contempt under R.C. 2919.21(B), repeated failure to pay support, with knowledge of a court order requiring payment, does, in fact, appear purposeful — at least in the absence of some plausible explanation for the neglect. Nonetheless, purposeful conduct is not required. To the contrary, under pertinent standards, indifference or recklessness is sufficient to show that the contemnor intended to disobey a court order.
Accordingly, we reject the State's contention that criminal contempt has a greater intent requirement than a non-support charge under R.C.2919.21(B). Instead, as the trial court correctly noted, the criminal contempt conviction in this case fits the criteria to be a lesser included offense of non-support of dependents under R.C. 2919.21(B).
In this regard, the trial court first found that criminal contempt carries a lesser sentence than non-support, i.e., the maximum incarceration is 90 days under R.C. 2705.02(A) versus a six months minimum term for felony non-support violations. See R.C. 2919.21(G) and R.C. 2929.14(A)(5). Next, the trial court found that non-support under R.C. 2919.21(B) (reckless failure to provide support established by a court order) could not ever be committed without commission of criminal contempt (indifferent failure to comply with a support order). And finally, the trial court found that criminal contempt does not require a finding of recklessness; instead, indifference is sufficient. Deem,40 Ohio St.3d 205, 206, paragraph three of the syllabus. We agree with these conclusions.
The trial court further remarked that if the State had prosecuted Mobley under R.C. 2919.21(A), its conclusion would be different. We also agree with this statement. Several Ohio courts have considered double jeopardy in the context of R.C. 2919.21(A), and have found that a prior contempt finding is not a bar to successive prosecutions. See State v.Rogers (Dec. 23, 1994), Lake App. No. 93-L-180, 1994 WL 738447; State v.Jones (June 19, 1995), Clermont App. No. CA94-110094, 1995 WL 367197;State v. Yacovella (Feb. 1, 1996), Cuyahoga App. No. 69487, 1996 WL 38898; State v. Jones (Dec. 20, 1996), Erie App. No. E-95-062, 1996 WL 748184; State v. Taylor, Lorain App. No. 00CA007749, 2001-Ohio-1642, 2001 WL 1280226; and State v. Cortes, Holmes App. No. 00-CA-017, 2001-Ohio-1820, 2001 WL 1518373. Most of these decisions hinged on the fact that the contempt proceeding was merely civil, since the defendant was given a chance to purge the contempt. See, e.g., Taylor, 2001 WL 1280226, *2; Jones, 1996 WL 748184 *4. Similarly, the Fifth District Court of Appeals found that double jeopardy did not apply to an R.C.2919.21(B) proceeding because the prior contempt proceeding was civil, not criminal. See State v. Martin, (March 27, 2001), Holmes App. No. 00CA003, 2001 WL 300672, *2.
In a few cases, courts also focused on the fact that R.C. 2919.21(A) requires "a determination of the adequacy of support." Jones, 1995 WL 367197, *3; Yacovella, 1996 WL 38898, *4. In this regard, R.C.2919.21(A)(2) provides that "no person shall abandon, or fail to provide adequate support to: * * * [t]he person's child who is under age eighteen, or mentally or physically handicapped child who is under age twenty-one." According to the Jones court, this requires "evaluation of the surrounding circumstances, including the needs of the child and resources of the custodial parent." 1995 WL 367197, *3.
In contrast, R.C. 2919.21(B) says only that "[n]o person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person is legally obligated to support." Thus, R.C. 2929.21(B) does not require any finding about adequacy of support. To the contrary, like the contempt statute, all R.C. 2919.21(B) requires is failure to comply with a court order. As we said, criminal contempt is a lesser included offense of R.C. 2919.21(B). Moreover, the fact that an element was added to increase the non-support charge to a felony does not change the result, since criminal contempt would still be a lesser included offense. In fact, this is consistent with Deem, which requires that "some element of the greater offense is not required to prove the commission of the lesser offense."40 Ohio St.3d 205, 206, paragraph three of the syllabus.
Because the trial court correctly dismissed the non-support charges on double jeopardy grounds, the State's single assignment of error is overruled. Accordingly, the judgment of the trial court is affirmed.
FAIN, J., and YOUNG, J., concur.