{ ¶ 50} I respectfully dissent from the opinion of the majority.
{ ¶ 51} R.C. Chapter 2705 provides statutory authority for contempt. However, "[t]he power of contempt is inherent in a court, such power being necessary to the exercise of judicial functions."Denovchek at 15.
{ ¶ 52} "Contempt of court is defined as disobedience of an order of a court. It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions. * * * The purpose of contempt proceedings is to secure the dignity of the courts and the uninterrupted and unimpeded administration of justice." Windham Bank v.Tomaszczyk (1971), 27 Ohio St. 2d 55, paragraphs one and two of the syllabus.
{ ¶ 53} Generally, contempt of court actions are not susceptible to neat categorization. "Proceedings in contempt are sui generis in the law. They bear some resemblance to suits in equity, to criminal proceedings and to ordinary civil actions; but they are none of these. Contempt proceedings are means through which the courts enforce their lawful orders." Cincinnati v. Cincinnati District Council 51 (1973),35 Ohio St. 2d 197, 201-202. Nevertheless, there has been some effort to classify and define contempt actions. Previous cases indicate that some are civil and some are criminal.
{ ¶ 54} "Although there has never been a clear line of demarcation between criminal and civil contempts, it is usually said that offenses against the dignity or process of the court are criminal contempts, whereas violations which are on their surface offenses against the party for whose benefit the order was made are civil contempts. * * * Sentences for criminal contempt are punitive in nature and are designed to vindicate the authority of the court. * * *. On the other hand, the purpose of sanctions in a case of civil contempt is to coerce the contemnor in order to obtain compliance with the lawful orders of the court." State v. Local Union 7560 (1961), 172 Ohio St. 75, 82-83
(internal citations omitted), overruled on other grounds, Brown at 252, fn. 1.
{ ¶ 55} More recently, the Supreme Court made similar observations. With respect to civil contempt, the court said, "[p]unishment is remedial or coercive and for the benefit of the complainant in civil contempt. Prison sentences are conditional. The contemnor is said to carry the keys of his prison in his own pocket, * * * since he will be freed if he agrees to do as ordered. Criminal contempt, on the other hand, is usually characterized by an unconditional prison sentence. Such imprisonment operates not as a remedy coercive in its nature but as punishment for the completed act of disobedience, and to vindicate the authority of the law and the court." Brown at 253-254. (Internal citations omitted.)
{ ¶ 56} In this case, appellant was subjected to contempt for failure to comply with the trial court's order to return property to appellee and pay her attorney fees. This contempt action clearly is not for the benefit of an opposing party: it is punitive in character and, as such, is criminal. "The standard of proof required in a criminal contempt proceeding is proof of guilt beyond a reasonable doubt." Brown, syllabus. "Because contempt proceedings affect personal liberty, the proceedings and the statutes governing them must be strictly construed."In re Contempt of Court (1972), 30 Ohio St. 2d 182, 187; Local Union5760 at 83. Statutory powers to deal with contempts are merely cumulative and in addition to the inherent authority of the court.Univis Lens Co. v. United Elec. Radio Machine Workers of America
(1949), 86 Ohio App. 241, 245. However, where a procedure has been prescribed for the exercise of the power to punish contempts by rule or by statute, it is the duty of the court to follow such procedure. SeeLands at 595. This conclusion is consistent with the trial court's language in its own judgment entry.
{ ¶ 57} In the case at bar, the trial court found appellant to be in contempt for failure to comply with its order, and imposed purge conditions. Appellant complied with these conditions only in part: consequently, he also served ten days in jail for contempt. Thereafter, the trial court sought to punish him again, with an increased sentence, for his continuing failure to comply with its prior order in toto.
{ ¶ 58} The majority is clearly disregarding the trial court's intended reliance on the provisions of R.C. Chapter 2705. in finding appellant in contempt. It utilized phrasing indicating the contempt was criminal; it sentenced him to sixty days' imprisonment for his alleged second contempt, in compliance with R.C. 2705.05(A)(2). Thus, appellant was entitled to all constitutional protections espoused by the existing case law and the constitution, since a liberty interest was at stake. The contempt clearly being criminal, appellant's request for a jury should have been granted.
{ ¶ 59} I respectfully dissent.