The State of Ohio, Appellee, *v.* Weiner, Appellant.

[Cite as State v. Weiner (1974), 37 Ohio St. 2d 11.]

(No. 73-341—Decided January 2, 1974.)

12

*Mr. William H. Wolff, Jr.*, prosecuting attorney, for appellee.

*Mr. Dan D. Weiner, in propria persona.*

PAUL W. BROWN, J. Appellant alleges numerous substantive and procedural defects in the hearing afforded him pursuant to his citation for contempt. The Court of Appeals rejected all claims of alleged defect, and held that the findings of Judge Zimmers were supported by the evidence. Upon a review of the record, we affirm the judgment of the Court of Appeals.

Although there is some difference of opinion among the various jurisdictions as to the necessity of providing an evidentiary hearing for an attorney charged with being in contempt of court for his failure to present himself before the court when it was his obligation as an officer of the court to do so (see annotation, 97 A. L. R. 2d 431), where such a hearing did in fact take place the review of the resulting conviction must focus on the adequacy of that hearing and whether the essential conclusions of fact find support in the evidence.

We find appellant's contention that it was improper for the judge who signed the affidavit charging contempt to preside at the hearing to be without merit. It is specifically provided in R. C. 2705.05 that it is for the court to decide the question of guilt or innocence. Although the appointment of another judge to hear the evidence is warranted where the alleged contempt takes the form of personal insult or vilification of the judge, so that there would exist the possibility of bias should the victim of such abuse pass judgment on the evidence (*Mayberry* v. *Pennsylvania* [1971], 400 U. S. 455), no such personal attack occurred in the instant case. Because it was proper for Judge Zimmers to conduct the hearing, appellant's attempt to call him as a witness was properly rejected. Equally without merit is appellant's contention that he was entitled to be tried before a jury; this contempt is a petty offense within constitutional contemplation (see *Cheff* v. *Schnackenberg* [1966], 384 U. S. 373; *Bloom* v. *Illinois* [1968], 391 U. S. 194; and R. C. 2705.05), and thus there need be no jury trial.

At the hearing, appellant was faced with the heavy burden of proving to the satisfaction of the court that sound

reasons existed to excuse his failure to appear in court for Garrett's trial. We find it manifest from the evidence produced at the hearing that appellant's conduct was inexcusable. Questions of fact may exist as to whether a formal and mandatory procedure did exist for withdrawal of counsel from a case before the court, and whether appellant actually effected a withdrawal, but they must yield to the clear import of his failure to directly notify the court of his "withdrawal" until such time as its disruptive effect was unavoidable. A court and its officers bear reciprocal responsibilities to insure that the doing of justice will be neither delayed nor denied. Where an attorney has been retained as counsel and received payment from a defendant in a misdemeanor case, a jury trial has been scheduled pursuant to that attorney's request, he has notice of the time of trial, and the jury is in fact impaneled and awaiting the start of the trial, his failure to directly notify the court of his intention to absent himself from the trial at so late a date as to leave the court no time to make alternate arrangements is clearly contumacious. See *Windham Bank* v. *Tomaszczyk* (1971), 27 Ohio St. 2d 55.

In the instant case, appellant, as an officer of the court, could hardly have been unaware of the obstructive effect of his conduct on the operation of the court, and there is more than ample evidence in the record to support the finding of contempt.

*Judgment affirmed.*

HERBERT, CORRIGAN, STERN and W. BROWN, JJ., concur.
O'NEILL, C. J., and CELEBREZZE, J., dissent.

CELEBREZZE, J., dissenting. The majority apparently determines that because it is provided in R. C. 2705.05 that "upon the day fixed for the trial in a contempt proceeding the *court* shall investigate the charge, and * * * determine whether the accused is guilty of the contempt charge" (emphasis added), it is therefore proper for the judge who

signed the affidavit charging contempt to preside at the hearing.

I can neither infer nor discern from the above legislation a specific grant of authority to the judge who brings a contempt proceeding by filing an affidavit the right to hear and determine the validity of the same. The use of the generic term "court" in the statute is not specific (unless, of course, summary action in contempt is the subject).

The majority recognizes that the "* * * appointment of another judge to hear the evidence is warranted where the alleged contempt took the form of personal insult or vilification of the judge * * *." What is not mentioned in the majority opinion is that the appointment of another judge might also be proper in a factual situation like the one now before us. (A course of conduct which the judge originally chose and later eschewed.)

The majority then determines that "because it was proper for Judge Zimmers to conduct the hearing, appellant's attempt to call him as a witness was correctly rejected."

However, what the majority fails to explain to my satisfaction is why *In re Murchison* (1955), 349 U. S. 133, does not mandate reversal.

That case involved a procedure authorized by Michigan law under which a single judge can serve as a grand jury. The same judge presiding at a contempt hearing had also served as the "one-man grand jury" out of which the contempt charges arose.

The United States Supreme Court, in an opinion by Justice Black, at page 136, said:

"A fair trial in a fair tribunal is a basic requirement of due process. Fairness of course requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the probability of unfairness. To this end no man can be a judge in his own case and no man is permitted to try cases where he has an interest in the outcome. That interest cannot be defined with precision. Circumstances and relationships must be

considered. This court has said, however, that 'every procedure which would offer a possible temptation to the average man as a judge . . . not to hold the balance nice, clear and true between the state and the accused, denies the latter due process of law.' *Tumey* v. *Ohio*, 273 U. S. 510, 532. Such a stringent rule may sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties. But to perform its high function in the best way 'justice must satisfy the appearance of justice.' *Offutt* v. *United States*, 348 U. S. 11, 14.''

In the action before us, the judge who heard the contempt case instituted the charges by preparing and signing the affidavit against the attorney involved. He could and perhaps should have been a very material witness in the case against Weiner. *Murchison, supra,* teaches that the right to cross-examine witnesses is so essential to a fair trial that it should not be interfered with by allowing the judge to refuse to testify or to pass on the credibility of his own testimony.

Although the cause before us may not present facts as clear as in the *Murchison* case, I believe that justice, in order to be preserved, must "satisfy the appearance of justice." *Murchison, supra,* at page 136.

The judgment of the Court of Appeals should be reversed and the cause remanded.

O'NEILL, C. J., concurs in the foregoing dissenting opinion.