This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Brent L. English, appeals from an order of the Lorain County Court of Common Pleas, Domestic Relations Division, that found him in contempt of court. We reverse.
{¶ 2} Appellant was the attorney for Fred Elliott ("Elliott") in a divorce case, which was scheduled for trial in the Lorain County Court of Common Pleas, Domestic Relations Division, on January 23, 2002. Additionally, Appellant was counsel in an unrelated case that was scheduled for a jury trial on January 22, 2002, in the Cuyahoga County Court of Common Pleas. On January 18, 2001, Elliott moved for a continuance on the basis that Appellant might be engaged in a jury trial in Cuyahoga County on the date in which his divorce case was to proceed to trial. The trial court denied Elliott's motion. Appellant was engaged in the jury trial on January 23, 2002, and, therefore, he did not appear in the Lorain County Court of Common Pleas, Domestic Relations Division, to commence Elliott's divorce case. Rather, Appellant sent an associate to the trial court to explain his absence and to file Elliott's second motion for a continuance. The trial court granted Elliott's motion and ordered Appellant to appear and to show cause why he should not be held in indirect criminal contempt. Following a hearing, the trial court found Appellant to be in indirect criminal contempt and ordered him to pay a fine. Appellant timely appeals and raises one assignment of error.
 ASSIGNMENT OF ERROR {¶ 3} "The trial court erred in finding [Appellant] in contempt because the evidence did not show beyond a reasonable doubt that he obstructed the administration of justice by his justified failure to appear for trial on January 23, 2002."
{¶ 4} In his sole assignment of error, Appellant alleges that the trial court erroneously found him in indirect criminal contempt of court because it was not proven beyond a reasonable doubt that he intended to obstruct the administration of justice. Appellant's allegation has merit.
{¶ 5} Contempt is defined as the disregard for judicial authority. State v. Flinn (1982), 7 Ohio App.3d 294, 295. See, also,Windham Bank v. Tomaszczyk (1971), 27 Ohio St.2d 55, paragraph one of the syllabus (defining contempt as "conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions"). Contempt can be categorized as either direct or indirect. In re Purola (1991),73 Ohio App.3d 306, 310. Additionally, contempt is further categorized as criminal or civil depending on the character and purpose of the contempt sanctions. Id. at 311. In this case, the trial court categorized Appellant's actions as indirect criminal contempt.
{¶ 6} Indirect contempt of court "is one committed outside the presence of the court but which also tends to obstruct the due and orderly administration of justice." In re Lands (1946), 146 Ohio St. 589, 595. R.C. 2705.02, which outlines those acts that are in indirect contempt of court, provides in relevant part: "[a] person guilty of any of the following acts may be punished as for a contempt: * * * (B) [m]isbehavior of an officer of the court in the performance of official duties, or in official transactions[.]" As the trial court does not generally have personal knowledge of the alleged contemptuous behavior, it must afford the alleged contemnor procedural safeguards including: a written charge, an adversarial hearing, and the opportunity for legal representation. R.C. 2705.03. See State ex rel. Seventh Urban, Inc. v. McFaul (1983),5 Ohio St.3d 120, 122; State v. Moody (1996), 116 Ohio App.3d 176, 180. Courts have consistently held that an attorney's absence from court constitutes an indirect contempt of court. See, e.g., In re Karasek
(1997), 119 Ohio App.3d 615, 627; Cleveland v. Ramsey (1988),56 Ohio App.3d 108, 109; State v. Weiner (1974), 37 Ohio St.2d 11,13-14; Weiland v. Indus. Comm. (1956), 166 Ohio St. 62, 66.
{¶ 7} Criminal contempt is generally described as an offense against the dignity or process of the court. State v. Kilbane (1980),61 Ohio St.2d 201, 204-205. Therefore, criminal contempt sanctions are punitive in nature and designed to vindicate the authority of court.Denovchek v. Bd. of Trumbull Cty. Commrs. (1988), 36 Ohio St.3d 14, 16. These sanctions may include unconditional fines or prison sentences.Purola, 73 Ohio App.3d at 311.
{¶ 8} An action for indirect criminal contempt must be proven beyond a reasonable doubt. Midland Steel Prods. Co. v. U.A.W. Local 486
(1991), 61 Ohio St.3d 121, 127. Additionally, intent to defy the court is an essential element of indirect criminal contempt. Id.; In re Carroll
(1985), 28 Ohio App.3d 6, 10. In an effort to ascertain an alleged contemnor's intent, the court must consider the totality of the circumstances. Purola, 73 Ohio App.3d at 313. An appellate court, when reviewing a trial court's finding of indirect criminal contempt, must determine whether sufficient evidence existed for the trial court to reasonably conclude beyond a reasonable doubt that the contemnor violated R.C. 2705.02. Midland Steels Prods. Co., 61 Ohio St.3d at 127, citingState v. Eley (1978), 56 Ohio St.2d 169, 172.
{¶ 9} After considering the totality of the circumstances and reviewing the record, we find that there was insufficient evidence before the trial court that Appellant, beyond a reasonable doubt, intended to defy the court or obstructed the administration of justice. See MidlandSteel Prods. Co, 61 Ohio St.3d at 127; Carroll, 28 Ohio App.3d at 10. Specifically, at the contempt hearing, there were no witnesses or other evidence presented to prove that Appellant acted intentionally. Consequently, the trial court incorrectly determined that Appellant was in indirect criminal contempt of court. Accordingly, Appellant's sole assignment of error is sustained.
{¶ 10} Appellant's assignment of error is sustained. The order of the Lorain County Court of Common Pleas, Domestic Relations Division, is reversed.
WHITMORE, J., BATCHELDER, J. CONCUR.