OPINION
{¶ 1} Appellant, Attorney Dale D. Cook ("appellant"), appeals from the March 21, 2008 order of the Franklin County Court of Common Pleas, Probate Division ("probate *Page 2 
court"), in which that court held appellant in contempt of court for his failure to attend a January 3, 2008 hearing, and ordered appellant to pay $3,768.50 in attorney fees incurred by plaintiff-appellee, Bank One Trust Company, N.A. ("appellee"), in connection with that hearing.
 {¶ 2} The following facts and procedural history are gleaned from the record and are undisputed unless otherwise noted. Appellee was the trustee under an inter vivos trust agreement dated June 5, 1981 ("the trust"), made by Roger L. Scherer, who died in 1982. In the years since, appellee has been involved in litigation with appellant's client, Ronald E. Scherer, Sr. ("Scherer"), the trustor's son and a trust beneficiary.
 {¶ 3} This case has reached this court twice before. First, inBank One Trust Co., N.A. v. Scherer, Franklin App. No. 06AP-70,2006-Ohio-5097, we affirmed the probate court's order finding Scherer's former attorneys in contempt. Then, in Bank One Trust Co., N.A. v.Scherer, 176 Ohio App.3d 694, 2008-Ohio-2952, 893 N.E.2d 542, we affirmed the probate court's judgment finding Scherer in criminal contempt, and we reversed its judgment imposing an excessive jail sentence upon Attorney James M. Wiles ("Attorney Wiles") after it found him in criminal contempt. In the present appeal, we are asked to review the probate court's finding that appellant was in indirect criminal contempt of court when he failed to attend a scheduled hearing, and its imposition of a monetary sanction ordering appellant to pay opposing counsel's fees associated with that hearing.
 {¶ 4} On December 18, 2007, the probate court entered an order scheduling a hearing for January 3, 2008, to consider the approval of a proposed settlement between appellee and the guardian ad litem for the minor and unborn beneficiaries of the trust. *Page 3 
Appellant admitted that he received a copy of this order, which specified, "Counsel for all parties are required to attend * * *." (Dec. 18, 2007 Entry, at 1.)
 {¶ 5} Appellant and his co-counsel in the present case, Attorney Wiles, were also co-counsel in a case then pending in the United States District Court for the Northern District of Ohio in Cleveland ("district court"). Attorney Wiles was the designated "lead counsel" in that case, under the district court's local rules. Under those local rules, lead counsel is required to attend case management conferences. The district court had scheduled a case management conference in that case for 10:00 a.m. on January 3, 2008.
 {¶ 6} On December 21, 2007, appellant and Attorney Wiles filed a motion requesting that the district court excuse Attorney Wiles' attendance from the case management conference. This was because Attorney Wiles was scheduled to be vacationing in Florida on January 3, 2008. The plan was that Attorney Wiles could remain on vacation while appellant would attend the case management conference. It appears that, at that time, appellant did not plan to attend the hearing in the probate court on January 3, 2008. On December 27, 2007, the district court denied the motion to excuse Attorney Wiles' attendance at the case management conference. Ultimately, Attorney Wiles returned to Ohio earlier than originally planned and attended the case management conference on January 3, 2008.
 {¶ 7} Meanwhile, on December 28, 2007, appellant and Attorney Wiles filed a motion to continue the January 3, 2008 hearing. Therein, they stated:
 The undersigned counsel are also both counsel for Leviton Manufacturing, Inc. in the case of Mal-Sarkar v. Advance, et al * * * [pending in the United States District Court for the *Page 4 
Northern District of Ohio]. The Court in that case also recently scheduled a Case Management Conference for 10:00 a.m. on January 3, 2008. * * *
 The undersigned counsel in the Federal Court case filed a Motion to Excuse Attendance of at least one of them from having to attend the Federal case to allow for participation in this hearing. However, in the attached Order issued by the U.S. District Court for the Northern District of Ohio, the Federal Court denied the request and indicated that counsel must appear in person. * * *
 * * * The undersigned counsel cannot be in two places at the same time.
(Emphasis sic.)
 {¶ 8} On January 2, 2008, the probate court's staff attorney advised appellant's office that the motion for continuance was denied and that an attorney for Scherer must be present at the next day's hearing. However, appellant did not attend that hearing; instead, he accompanied Attorney Wiles to Cleveland. No other attorney from appellant's and Attorney Wiles' firm participated in the hearing in the probate court.
 {¶ 9} The probate court instructed counsel for appellee to prepare a motion to show cause why appellant and Attorney Wiles should not be held in contempt for failing to appear. Upon the filing of that motion, the probate court issued the show cause order and scheduled a hearing upon same for January 31, 2008. At the show cause hearing, appellant argued that he could not attend the January 3, 2008 hearing because he was required to be in the district court that day. However, on cross-examination, appellant admitted that there was a third co-counsel in the district court case, and that attorney did
 not attend the case management conference. *Page 5 
 {¶ 10} On this evidence, the trial court found that appellant was not required to be in Cleveland on January 3, 2008, and that appellant could have attended the hearing in the probate court that day, but simply failed to do so without good cause. In its March 21, 2008 order, the court found appellant in contempt of court and ordered him and his law firm, Wiles, Boyle, Burkholder Bringardner Co., L.P.A. ("the Wiles firm") to pay the reasonable attorney fees that appellee, the guardian ad litem and the other beneficiaries incurred in connection with the January 3, 2008 hearing.
 {¶ 11} On April 8, 2008, appellant filed a notice of appeal from the probate court's order. Appellant advances four assignments of error for our review, as follows:
 1. The Trial Court erred and Mr. Cook was denied due process when the Trial Judge acted as both the accuser and the fact-finder and refused to recuse himself.
 2. The Trial Court abused its discretion in finding Mr. Cook guilty of criminal contempt in the absence of evidence of intent to defy the Court.
 3. The Trial Court erred in requiring a defendant in a criminal contempt proceeding to come forward with evidence and prove his innocence.
 4. The Trial Court abused its discretion in imposing an excessive and disproportionate fine in the absence of any evidence that the January 3, 2008 hearing was delayed or disrupted and then compounded this error by assessing this sanction against the Wiles firm in the absence of any notice or written charge against the firm.
 {¶ 12} In his first assignment of error, appellant argues that the trial judge should have granted appellant's oral motion made at the show cause hearing for the judge to recuse himself. Appellant argues that because the trial judge had made derogatory statements about appellant at previous hearings in this case, and in light of statements *Page 6 
the judge made at the show cause hearing, the judge should have recused himself from ruling on the motion to show cause. Appellant maintains that the judge's comments demonstrated that he had already decided that appellant was not required to be in district court on January 3, 2008, and he had already decided to hold appellant in contempt, regardless of the evidence adduced at the show cause hearing.
 {¶ 13} We note that appellant and his co-counsel have filed four separate motions and affidavits of prejudice with the Supreme Court of Ohio during the pendency of this case, pursuant to R.C. 2701.03, seeking to disqualify the trial judge on grounds of bias and hostility. In the accompanying memoranda, appellant raised the same issues as now raised on appeal, i.e., that comments by the trial judge at various hearings throughout the pendency of this case, including the show cause hearing, indicated that the judge was hostile toward, and frustrated with, appellant. By entries dated October 25, 2006, May 11, 2007, August 9, 2007, and March 19, 2008, Chief Justice Moyer denied appellant's motions for disqualification because he found no indication that the trial judge would be unable to decide the issues in the case fairly and impartially.
 {¶ 14} The Supreme Court of Ohio has held that, "when the Chief Justice dismisses an affidavit of disqualification as not well taken, `the Chief Justice's ruling is res judicata as to the question.'"State v. Getsy, 84 Ohio St.3d 180, 185, 1998-Ohio-533, 702 N.E.2d 866. We have previously applied this holding in other cases. See, e.g.,Haney v. Trout (Feb. 12, 2002), Franklin App. No. 00AP-1448; State v.O'Brien (Sept. 28, 1993), Franklin App. No. 93AP-353. Thus, because appellant seeks this court to rule contrary to the Chief Justice on the same issues he has already decided, appellant's assignment of error is without merit. *Page 7 
 {¶ 15} Appellant also argues that the trial judge should have recused himself because he initiated the filing of the motion for an order to show cause. In essence, appellant maintains that his right to due process of law was violated because the judge acted as the "accuser and fact-finder."[1] The Supreme Court of Ohio rejected the same argument in the case of State v. Weiner (1974), 37 Ohio St.2d 11, 13,66 O.O.2d 6, 305 N.E.2d 794. The court explained:
 We find appellant's contention that it was improper for the judge who signed the affidavit charging contempt to preside at the hearing to be without merit. It is specifically provided in R.C. 2705.05 that it is for the court to decide the question of guilt or innocence. Although the appointment of another judge to hear the evidence is warranted where the alleged contempt takes the form of personal insult or vilification of the judge, so that there would exist the possibility of bias should the victim of such abuse pass judgment on the evidence * * * no such personal attack occurred in the instant case.
 {¶ 16} The same is true in the present case. The alleged contempt was in appellant having defied a court order that he be present at a hearing. The contumacious conduct did not involve personal insult toward the trial judge such that the possibility of bias was manifest.
 {¶ 17} For all of the foregoing reasons, we find no error in the trial court's refusal to recuse himself from presiding over the show cause hearing. Accordingly, appellant's first assignment of error is overruled.
 {¶ 18} Appellant's second assignment of error challenges the trial court's appraisal of the evidence in reaching its decision to find appellant in contempt. An appellate court will not reverse a trial court's finding of contempt, including the imposition of penalties, *Page 8 
absent an abuse of discretion. Byron v. Byron, Franklin App. No. 03AP-819, 2004-Ohio-2143, ¶ 15. An abuse of discretion is more than an error of law or judgment; it implies an attitude on the part of the trial court that is unreasonable, unconscionable or arbitrary. State v.Myers, 97 Ohio St.3d 335, 2002-Ohio-6658, 780 N.E.2d 186, ¶ 75. Furthermore, when applying this standard of review, an appellate court may not substitute its judgment for that of the trial court. In re JaneDoe I (1990), 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181.
 {¶ 19} The Supreme Court of Ohio has defined contempt as "`conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions.'" Denovchek v. Bd. of Trumbull Cty. Commrs. (1988),36 Ohio St.3d 14, 15, 520 N.E.2d 1362, quoting Windham Bank v. Tomaszczyk
(1971), 27 Ohio St.2d 55, 56 O.O.2d 31, 271 N.E.2d 815, paragraph one of the syllabus. A court has both inherent and statutory authority to punish contempt. Howell v. Howell, Franklin App. No. 04AP-436,2005-Ohio-2798, ¶ 19, quoting In re Contempt of Morris (1996),110 Ohio App.3d 475, 479, 674 N.E.2d 761.
 {¶ 20} Courts categorize contempt as either civil or criminal and as either direct or indirect. The distinction between criminal and civil contempt is based on the character and purpose of the punishment imposed. Ford v. Ohio Dept. of Rehab. Corr, Franklin App. No. 05AP-357, 2006-Ohio-2531, ¶ 43, citing Brown v. Executive 200, Inc.
(1980), 64 Ohio St.2d 250, 252, 416 N.E.2d 610. Criminal contempt proceedings vindicate the authority of the legal system and punish the party who offends the court, whereas civil contempt proceedings coerce a party to comply with a court order. Turner v. Turner (May 18, 1999), Franklin App. No. 98AP-999. It is undisputed that the trial court's finding *Page 9 
of contempt here was criminal in nature, based on appellant's failure to appear at the January 3, 2008 hearing. The purpose of the contempt finding was not to coerce compliance with a court order, but to punish appellant for his completed act of failing to appear.
 {¶ 21} Indirect contempt involves behavior outside the presence of the court that demonstrates a lack of respect for the court or for the court's orders. Byron, supra, at ¶ 12. Appellant was punished for a violation of R.C. 2705.02(A), which provides that a person may be punished for contempt if they are found guilty of "[disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or officer[.]"
 {¶ 22} "The standard of proof required in a criminal contempt proceeding is proof of guilt beyond a reasonable doubt." Brown, supra, at syllabus. Proof of the elements of criminal contempt, including intent, may be established by circumstantial evidence. Midland SteelProds. Co. v. Internatl. Union, UAW, Local 486 (1991),61 Ohio St.3d 121, 128, 573 N.E.2d 98. Criminal contempt requires proof of a purposeful, willing or intentional violation of a trial court's order.Carroll v. Detty (1996), 113 Ohio App.3d 708, 711, 681 N.E.2d 1383. In other words, "in cases of criminal, indirect contempt, it must be shown that the alleged contemnor intended to defy the court."Midland, supra, at 127.
 {¶ 23} Appellant argues that there was insufficient evidence of his intent to defy the court. He argues that his notification of the court about the conflict and attempt to obtain a continuance constitute respect for the court, not an intent to defy it. However, the court did not find appellant in contempt for failing to notify the court about an unavoidable conflict. The court found that, with respect to appellant, there was no real *Page 10 
conflict because he was not required to be present in the district court on the day in question. Thus, it was not merely his failure to appear upon which the finding of contempt was based; it was his failure to appear when he could have that the probate court punished.
 {¶ 24} Appellant argues that the district court's order that "counsel" be present was ambiguous. He argues that he interpreted it differently than the probate court did, but that this does not constitute an intent to defy the court. As appellee points out, however, appellant testified at the show cause hearing that a third member of the Wiles firm, who was also co-counsel with Attorney Wiles in the district court case, did not attend the case management conference on the day in question. This is sufficient evidence to support the trial court's finding that only Attorney Wiles, as "lead counsel," was required to attend the conference in district court, not all "counsel" of record in that case.
 {¶ 25} Appellant testified that he did not intend to defy the court's order that he attend the January 3, 2008 hearing. However, the trial court was free to accept or reject this testimony as a matter of credibility, in its sole discretion. Midland, supra, at 128. "It is well-established that the state of mind of an accused may be proven by circumstantial evidence." Id., citing State v. Huffman (1936),131 Ohio St. 27, 5 O.O. 325, 1 N.E.2d 313, paragraph four of the syllabus. "In particular, `proof of the elements of criminal contempt may be established by circumstantial evidence.'" Id., quoting Walker v. City ofBirmingham (1967), 388 U.S. 307, 312, 87 S.Ct. 1824, 18 L.Ed.2d 1210.
 {¶ 26} The record contains sufficient evidence that appellant was aware of the scheduled probate court hearing, was not required to be elsewhere on the date, but did not appear at the hearing. Therefore, we cannot say that the probate court's finding, *Page 11 
beyond a reasonable doubt, that appellant was guilty of contempt, was unsupported by the evidence. For this reason, appellant's second assignment of error is overruled.
 {¶ 27} In his third assignment of error, appellant argues that the trial court erred by requiring appellant to prove his innocence. But appellant's defense to the contempt charge was that he could not possibly have attended the probate court hearing because he was required to be in district court at the same time. This constitutes the affirmative defense of impossibility of compliance. "Impossibility of compliance is an affirmative defense for which the alleged contemnor has the burden of proof." Fidler v. Fidler, Franklin App. No. 08AP-284,2008-Ohio-4688, ¶ 11; see, also, State v. Weiner (1974),37 Ohio St.2d 11, 66 O.O.2d 6, 305 N.E.2d 794; State ex rel. Cook v. Cook (1902),66 Ohio St. 566, 570, 64 N.E. 567. On this authority, appellant's third assignment of error is overruled.
 {¶ 28} In his fourth assignment of error, appellant argues that the trial court abused its discretion in ordering that appellant pay opposing counsel's attorney fees associated with the January 3, 2008 hearing because the trial court was limited to the fines for criminal contempt set forth in R.C. 2705.05. Alternatively, he argues that the court abused its discretion in awarding all of opposing counsel's fees for the hearing because there was no evidence that appellant's absence from the hearing actually disrupted or prevented that hearing from going forward. Finally, he argues that the imposition of a sanction against the Wiles firm was invalid because the probate court never notified the Wiles firm that it was being charged with contempt.
 {¶ 29} "Contempt sanctions are largely a matter of discretion."Vanguard Transp. Sys., Inc. v. Edwards Transfer Storage Co. (1996),109 Ohio App.3d 786, 794, *Page 12 673 N.E.2d 182. A court has the power to punish contempt both from statute and as a matter of its inherent power to punish disobedience of its orders. Zakany v. Zakany (1984), 9 Ohio St.3d 192, 9 OBR 505,459 N.E.2d 870, syllabus.
 {¶ 30} However, it is a well-settled rule that, "* * * attorney's fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor." Nottingdale Homeowners Assn.v. Darby (1987), 33 Ohio St.3d 32, 34, 514 N.E.2d 702, citingFleischmann Distilling Corp. v. Maier Brewing Co. (1967), 386 U.S. 714,717, 87 S.Ct. 1404, 18 L.Ed.2d 475. This is known as the "American Rule." Sturm v. Sturm (1992), 63 Ohio St.3d 671, 675, 590 N.E.2d 1214. The Supreme Court of Ohio has carved out three exceptions to this rule: (1) situations in which "the losing party has acted in bad faith, vexatiously, wantonly, obdurately, or for oppressive reasons";[2] (2) cases of successful class actions (known as the "common fund" doctrine);[3] and (3) civil contempt.[4] In these situations, attorney fees will be recoverable as costs, even in the absence of statutory authority therefor.
 {¶ 31} The Supreme Court of Ohio has never made an exception to the "American Rule" for cases in which the court punishes criminal contempt. This corresponds to the notion that while "[proceedings for civil contempt are between the original parties and are instituted and tried as a part of the main cause[,] * * * proceedings at law for criminal contempt are between the public and the defendant, and are not a part of the original *Page 13 
cause." Gompers v. Bucks Stove Range Co. (1911), 221 U.S. 418,444-445, 31 S.Ct. 492, 55 L.Ed. 797; see, also, Hubbard v. Cawley, Trumbull App. No. 2000-T-0031, 2001-Ohio-8807, 2001 Ohio App. LEXIS 5203, at *4 ("[criminal contempt arises from offenses against the dignity or process of the court, while civil contempt concerns violations, which are on the surface against a party for whose benefit a court order was made").
 {¶ 32} Accordingly, there is no authority for an order for payment of attorney fees for actions or omissions constituting indirect criminal contempt, except where authorized by statute (e.g., R.C. 2323.51). Cf.,Cleveland Police Credit Union v. Crosby (July 30, 1992), Cuyahoga App. No. 60781. For this reason, courts are limited to imposing a fine of not more than $250 for a first offense of criminal contempt. R.C. 2705.05(A). In the present case, the trial court imposed a fine totaling $5,296. Thus, the trial court abused its discretion in imposing fines in excess of the amount allowable under R.C. 2705.05.
 {¶ 33} As a reviewing court, we may affirm, modify or reverse a judgment or final order of a lower court that is appealed. App. R. 12(A)(1)(a). An appellate court may review and reduce the punishment imposed in a contempt proceeding pursuant to App. R. 12(B). Inmont Corp.v. Internatl. Printing Graphic Communications Union (1977),54 Ohio App.2d 17, 8 O.O.3d 31, 374 N.E.2d 176, syllabus. Accordingly, we sustain appellant's fourth assignment of error as to the fine imposed upon him, and reduce the trial court's sanction to a fine of $250.
 {¶ 34} Finally, we address the sanction imposed upon the Wiles firm. The probate court made the Wiles firm jointly liable with appellant for payment of the fine levied as a result of appellant's criminal contempt. Appellant has standing to challenge the trial *Page 14 
court's imposition of a contempt sanction upon the Wiles firm by virtue of his status as a partner of the firm.[5]
 {¶ 35} In any criminal contempt proceeding, the court must afford "the due process right to notice of the charges * * *." Segovia v.Likens, Franklin App. No. 08AP-283, 2008-Ohio-5896, ¶ 24, citingBrown v. Executive 200, Inc. (1980), 64 Ohio St.2d 250, 252,18 O.O.3d 446, 416 N.E.2d 610. "Initiating an action in contempt satisfies the requirements of due process because it gives the alleged contemnor an opportunity to appear and defend against the charges, including the issue of notice." Columbus Homes, Ltd. v. S.A.R. Constr. Co., Franklin App. No. 06AP-759, 2007-Ohio-1702, ¶ 35. "[T]he element of notice for a finding of indirect contempt is a prerequisite for a valid contempt finding." Sansom v. Sansom, Franklin App. No. 05AP-645, 2006-Ohio-3909, ¶ 27, discretionary appeal not allowed, 112 Ohio St.3d 1441,2007-Ohio-152, 860 N.E.2d 766. Without it, any contempt finding or sanction therefor must be reversed. Id., citing E. Cleveland v.Reed (1977), 54 Ohio App.2d 147, 150, 8 O.O.3d 277, 376 N.E.2d 973.
 {¶ 36} Here, the probate court failed to provide the Wiles firm with notice that it was being charged with contempt, and failed to give the Wiles firm an opportunity to be heard and to defend itself. Accordingly, the probate court violated the Wiles firm's right to *Page 15 
due process of law when it made the Wiles firm jointly liable for the criminal contempt of appellant's failure to attend the January 3, 2008 hearing. For this reason, appellant's fourth assignment of error is sustained with respect to the Wiles firm, and the portion of the judgment imposing the contempt sanction upon the Wiles firm is vacated.
 {¶ 37} In summary, appellant's first, second, and third assignments of error are overruled, his fourth assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas, Probate Division, is affirmed in part and vacated in part, and the sanction imposed upon appellant is modified to a fine of $250.
Judgment affirmed in part and vacated in part;
 sanction modified.
BROWN and TYACK, JJ., concur.
[1] Brief of appellant, 2.
[2] Sorin v. Bd. of Edn. of Warrensville Hts. School Dist. (1976),46 Ohio St.2d 177, 181, 75 O.O.2d 224, 347 N.E.2d 527.
[3] Trustees v. Greenough (1881), 105 U.S. 527, 537, 26 L.Ed. 1157;Smith v. Kroeger (1941), 138 Ohio St. 508, 21 O.O. 386, 37 N.E.2d 45;Hoeppner v. Jess Howard Elec. Co., 150 Ohio App.3d 216, 2002-Ohio-6167,780 N.E.2d 290, ¶ 53.
[4] State ex rel. Fraternal Order of Police v. Dayton (1977),49 Ohio St.2d 219, 3 O.O.3d 360, 361 N.E.2d 428.
[5] An appellant has standing to argue issues affecting another where "the error is prejudicial to the rights of the appellant." Benjamin v.Ernst Young LLP, 167 Ohio App.3d 350, 2006-Ohio-2739, 855 N.E.2d 128, ¶ 4, quoting In re Smith (1991), 77 Ohio App.3d 1, 13, 601 N.E.2d 45. Appellant has fully litigated his own rights with respect to the contempt sanction; however, he possesses a right to due process that is derivative of the Wiles firm's right. The Wiles firm is a legal professional association, organized pursuant to R.C. 1785.01(B). Because appellant is a partner in the Wiles firm, he is liable for all of its financial obligations. S. High Dev., Ltd. v. Weiner, Lippe CromleyCo., L.P.A. (1983), 4 Ohio St.3d 1, 2, 4 OBR 1, 445 N.E.2d 1106; see, also, Section 4, Gov.R. III. For this reason, an error that is prejudicial to the rights of the Wiles firm, and which results in the imposition of a financial obligation upon the Wiles firm, is an error that is equally prejudicial to appellant's rights. Accordingly, appellant has standing to assert error on behalf of the Wiles firm. *Page 1