IN RE DISQUALIFICATION OF CORRIGAN.

ANDERSON *v.* CUYAHOGA METROPOLITAN HOUSING AUTHORITY.

[Cite as *In re Disqualification of Corrigan,*
144 Ohio St.3d 1261, 2016-Ohio-179.]

(No. 15–AP–059—Decided July 22, 2015.)

O'CONNOR, C.J.

{¶ 1} Plaintiff, Wilfred Anderson, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Peter J. Corrigan from presiding over a pending criminal contempt hearing in the above-captioned case.

{¶ 2} Anderson claims that Judge Corrigan is biased against him for the following reasons: (1) Judge Corrigan is the "complainant" who charged him with criminal contempt and therefore a conflict of interest exists if the judge also presides over the contempt hearing, (2) the contempt charges against Anderson—for allegedly disobeying Judge Corrigan's order declaring him a vexatious litigator and requiring him to obtain leave of court before instituting or continuing certain legal proceedings—do not rise to the level of criminal contempt and therefore should be treated as a civil matter, and (3) the judge's order declaring him a vexatious litigator was based on an "ex parte hearing" and unreliable evidence.

{¶ 3} Judge Corrigan has responded in writing to the affidavit, explaining his handling of the underlying case and denying any bias against Anderson.

{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Corrigan.

{¶ 5} First, some of the allegations in Anderson's affidavit are contradicted by the case docket. For example, *defendant* filed two motions to show cause why Anderson should not be held in contempt for filing a new lawsuit and several other motions after Judge Corrigan had declared Anderson a vexatious litigator. After a hearing on defendant's motions, Judge Corrigan determined that probable cause existed to conclude that Anderson was in contempt of the judge's order,

and the judge scheduled a criminal contempt hearing. Thus, it is not accurate to characterize Judge Corrigan as the "complainant" when defendant instituted the contempt proceedings. Similarly, Anderson's claim that Judge Corrigan held an "ex parte hearing" to declare Anderson a vexatious litigator is misleading. The docket reveals that Judge Corrigan notified the parties of the hearing date, but Anderson failed to appear. Anderson's failure to appear does not transform the hearing into an improper "ex parte hearing," nor does Judge Corrigan's decision to proceed with the hearing, despite Anderson's absence, evince any bias on the judge's part.

{¶ 6} Second, Anderson has not set forth sufficient grounds for disqualification. A trial court has the requisite authority to hold a party in contempt for failure to comply with the court's orders, and Anderson has failed to set forth any specific and accurate facts demonstrating that bias or an appearance of bias should prevent Judge Corrigan from presiding over the contempt hearing in this case. *Compare State v. Weiner,* 37 Ohio St.2d 11, 13, 305 N.E.2d 794 (1974) (appointment of another judge to preside over a contempt hearing may be warranted when "the alleged contempt takes the form of personal insult or vilification of the judge, so that there would exist the possibility of bias should the victim of such abuse pass judgment on the evidence"). Moreover, whether Judge Corrigan lawfully declared Anderson a vexatious litigator or whether the judge appropriately determined that criminal contempt sanctions are possible in this case are not issues that can be resolved under this statutory process for judicial disqualification. Therefore, the judge's legal rulings cannot be used as evidence of bias or prejudice. *See In re Disqualification of Floyd,* 101 Ohio St.3d 1217, 2003-Ohio-7351, 803 N.E.2d 818, ¶ 4 ("It is well established that dissatisfaction or disagreement with a judge's rulings, even if those rulings may be erroneous, does not constitute bias or prejudice and is not grounds for the judge's disqualification"). The remedy for Anderson's legal claims lies on appeal, not through the filing of an affidavit of disqualification. *In re Disqualification of Russo,* 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 6.

{¶ 7} Accordingly, the affidavit of disqualification is denied. The case may proceed before Judge Corrigan.