CITY OF EAST CLEVELAND, APPELLEE, *v.* REED, APPELLANT.

(No. 36657—Decided December 15, 1977.)

*Mr. Leonard Young,* for appellee.
*Mr. Rodney V. Coleman,* for appellant.

PRYATEL, J. This is an appeal from a judgment of the East Cleveland Municipal Court, entered June 14, 1976, wherein the defendant, M. Reed, a. k. a. Clarence Reed, appellant herein, was held in contempt of court.

Initially, the appellant was served with a warrant for his arrest and was booked on April 22, 1976, on the charge of assault based on a sworn complaint of the alledged victim. The next day, April 23, 1976, the appellant posted a cash bond of five hundred dollars, and signed a recognizance for his appearance in court June 3, 1976. On that date he appeared, entered a plea of not guilty and was released pending further proceedings. On June 7, 1976, a pre-trial date (June 14, 1976) and time (11:15 a. m.) were set and notice of the pre-trial was sent to the appellant's attorney. Although the pre-trial was set for 11:15 a. m. on that day, another case was pre-tried first. This pre-trial was therefore called at 11:30. While the attorney was present, the appellant was not. A pre-trial memorandum signed by the court and filed in the record states that,

"The City Prosecutor and defense counsel were present at said Pre-Trial Conference, but the defendant was not. * * * The Court inquired of defense counsel as to the absence of the defendant and received no explanation therefor. The Court waited until 11:45 A. M. for the appearance of the defendant and upon his failure to appear, found the defendant in contempt and assessed a fine of $150.00 and 3 days in accordance with this Court's Criminal Rule 1-D. * * *"

From that statement, the following entry was signed:

"At pre-trial, defendant having failed to appear found guilty of contempt. $150 and 3 days in jail. Body attachment ordered. Bond forfeited and apply against fine."

Upon appeal of this summary finding of contempt, the appellant presents two assignments of error for our review:

"I. The trial court committed error prejudicial to the appellant by finding him guilty of contempt of court and sentencing him in absentia without first citing him either

in writing or orally with contempt and allowing him to be heard on the matter.

"II. The procedure of the trial court in finding the appellant guilty of contempt of court and sentencing him without a hearing or his being present denied the appellant of due process of law as guaranteed him by the Fourteenth Amendment of the Constitution of the United States of America."

Since these assignments are fundamentally the same, we shall consider them together. We begin with the Court's Criminal Rule 1-D and the pre-trial notice implementing it on which the court based its action. The rule provides:

"At such pre-trial conference, all parties and their counsel shall be present and the Court may make such orders that it deems appropriate under the circumstances, including the citation of a party or his counsel for contempt for failing to appear thereat."

There is no question that the court has the authority to issue a citation if the party or counsel fails to appear when ordered to do so. But a citation means no more or less than the coming forth with a charge, the summoning of the defendant to answer to a complaint, and a notice to appear in response to an accusation. A citation may result in a contempt ruling after a hearing, but only after such proceedings are conducted and concluded.

We find that the court violated its own rule when it adjudged the defendant without first citing him, and that while the court had the authority to cite him for contempt, it could not convict him of contempt without first conducting a hearing. To do so was error.

Furthermore, although the court was empowered under its own rule to cite a party for contempt, the court chose not to avail itself of this authority in pre-trials. Instead, in its notice to the attorney implementing the rule, it provided:

"Both you and your client are *expected* to be here. * * * Failure to do so will result in *'censure'* by the court * * *." (Emphasis added.)

Thus in its pre-trial notice, the court expressed an

"expectation" rather than an order, and "deemed it appropriate" to censure him "under the circumstances" of defendant's not abiding by the expectation of attending the pre-trial. To expect is to anticipate, to look forward to. An expectation does not measure up to a command, or mandate attendance. In our judgment, an expectation is decidedly short of a requirement. Under this language, to rule that attendance is compulsory is unwarranted and in error.

Moreover, according to the notice, a failure to appear warrants censure only—a reproach, an official reprimand. But a censure does not equate with a finding of contempt. Thus, although the court had the authority to cite a party for contempt,[1] the court chose not to avail itself of that prerogative when in the pre-trial notice, it narrowed its punishment to censure. In our opinion, the court waived its authority to invoke contempt when it confined itself to censure upon a party's failure to appear. Therefore, the court's summary finding of contempt when the notice provided only for censure was erroneous.

One matter that has been glossed over in this case, that we consider vital to its determination, is the element of notice to the appellant. No finding of contempt for failing to appear can be made unless the defendant knew of the pre-trial date and time. "Before a person may be convicted for not appearing * * * *there must be a showing* that he knew[2] or should have known the date upon which it was to be held." (Emphasis added.) *State* v. *Glover* (1976), 52 Ohio App. 2d 35, 37. There was no showing in the record, or the statement of the court, that the appellant knew or should have known of the date and time of the pre-trial. We hold this omission to be fatal to the finding.

Putting aside for the moment the frailties of the pre-trial notice, the basic issue is whether the appellant's failure to appear at the pre-trial conference constituted

---

[1] Crim. Court Rule 1-D.

[2] We do not reach the issue as to whether the court can find one guilty of contempt for failure to comply with pre-trial notice when such notice is to be given him by his attorney rather than the court.

direct contempt, upon which he would not be entitled to notice and a hearing, or indirect contempt, upon which he would be entitled to both notice and a hearing.

This issue has been addressed by this Court in *State* v. *Butler* (1977), unreported, No. 36385, as follows: "A conviction for contempt of court for failure to appear requires a finding of a culpable mental state. Contempt is a 'willful disregard' and that state can be evidenced by reckless disregard, *United States* v. *Delahanty* (C. A. 6, 1973), 488 F. 2d 396 at 398-399, or at least indifferent regard for the rule appointing a certain hour. *Cf. Weiland* v. *Indus. Comm.* (1956), 166 Ohio St. 62, 66." *State* v. *Butler, supra*, at 5.

"The power of courts to punish summarily for contempt is narrowly circumscribed. The Ohio statutory scheme allows a summary proceeding where misbehavior was 'in the presence of or so near the court or judge as to obstruct the administration of justice,' R. C. 2705.01. Otherwise, the court must proceed by affidavit and trial under R. C. 2705.02 and 2705.03.

"Constitutional due process permits suspension of the rights to adequate notice of the charge and an opportunity to be heard and to present witnesses in contempt cases where:

"(1) The conduct occurs 'in the court's immediate presence,' so that the judge has 'personal knowledge of it acquired by his own observation of the contemptuous conduct; * * *'

"* * * *Re Oliver* (1948), 92 L. Ed. 682, 695, citing *Cooke* v. *United States* (1925), 69 L. Ed. 767. See the *Cooke* opinion at 773-74." *State* v. *Butler, supra*, at 3.

Failure to appear, standing alone, does not betray a culpable mental state. Absence is not necessarily tantamount to contemptuous conduct or civil disregard. It is well within the realm of possibility that the appellant might have been involved in an accident, or hospitalized with an emergency operation, or incapaciated by a serious injury, facts that can be ascertained through a hearing. There is nothing in the record that would justify the court's conclusion that the appellant's absence was due to

either reckless or indifferent disregard. Nor was the appellant's attorney's inability to explain the absence of his client automatic proof of contemptuous conduct. The court was therefore in error to hold the appellant in contempt without first determining his actual mental state.

"The Ohio Supreme Court has decided that tardiness is not contempt of a nature subject to summary proceedings:

'* * * If the appellant was guilty of contempt, only a portion of the offense was direct and in the presence of the court, namely, entering the court late and after the trial has started. However, part of the alleged misconduct was committed on the trip from Columbus to Zanesville and hence not in or near the court itself. This was in the nature of an indirect contempt, and the appellant was entitled to an opportunity to proffer evidence to show any extenuating or even exculpatory circumstances.' *Weiland* v. *Indus. Comm.* (1956), 166 Ohio St. 62, 66.

"The majority of federal and state courts which have considered the issue have come to the same conclusion, see *In re Lamson* (C. A. 1, 1972), 468 F. 2d 551, 552-553; *United States* v. *Delahanty, supra,* at 396, 397, 398." *State* v. *Butler, supra,* at 3.

In the case of *Weiland* v. *Indus. Comm, supra,* the court ruled that a litigant who is late for trial falls within the arc of indirect contempt until he appears. Thereafter he "is in or near the court itself." In our opinion a litigant who does not appear at all is all the more within the perimeters of indirect contempt.

The appellant's assignments of error are therefore sustained and the judgment holding the appellant in contempt of court is reversed and remanded for further proceedings according to law.

*Judgment reversed.*

DAY, C. J., and JACKSON, J., concur.