OPINION
This timely appeal arises from a Judgment Entry of the Carroll County Court of Common Pleas, Juvenile Division, in which Appellant, Jane Michel, was convicted of contempt of court and fined $100.00 for failure to appear at an adjudication hearing as per subpoena. For the following reasons the decision of the trial court is affirmed.
Appellant is a deputy with the Carroll County Sheriff's Office. She was called to be a witness in a juvenile case in which thirteen-year-old P.J. Sprankle was charged with delinquency and disorderly conduct. On August 23, 1996 the court issued a subpoena to Appellant to appear at a hearing on August 30, 1996. Appellant attended the hearing, but Rodney Sprankle, the defendant's father, failed to appear and the hearing was rescheduled for September 13, 1996. Because Mr. Sprankle failed to appear as per subpoena the court charged him with contempt. The court set his contempt hearing for September 13, 1996 immediately prior to his son's juvenile hearing. On September 5, 1996 the court issued a subpoena to Appellant to appear at the September 13, 1996 adjudicatory hearing.
Appellant appeared at the second hearing, but it was again rescheduled, this time to October 8, 1996. The court found that Mr. Sprankle did not receive notice of the original adjudicatory hearing and therefore it dismissed the contempt charge pending against him.
On September 19, 1996 the court issued a third subpoena to Appellant in this case, ordering her to appear at the October 8, 1996 hearing. Appellant failed to appear at the scheduled hour of 9:00 a.m. A dispatcher reminded Appellant of the hearing, and she subsequently arrived at court at 10:30 a.m. By that time the court had already dismissed the case against P.J. Sprankle for lack of evidence.
On October 9, 1996 the court filed a Notice of Contempt against Appellant for failure to appear on time at the October 8, 1996 hearing.
On November 7, 1996 the court held a hearing on Appellant's contempt charge. At the hearing, Appellant testified that she received a subpoena for the October 8, 1996 hearing but that she forgot about the hearing (Tr. p. 5). Appellant was a key witness in the case. Although the state did have another witness scheduled to testify, that witness also did not appear and the state was forced to rest its case without presenting any evidence. The other witness was charged and convicted of contempt and fined $100.00 in separate proceedings.
On November 12, 1996 the court filed its Judgment Entry finding that Appellant was in contempt of court for failure to appear as per subpoena and the court fined her $100.00. On December 6, 1996 Appellant filed her notice of appeal.
In her first assignment of error Appellant contends:
 "THE TRIAL COURT INCORRECTLY PUNISHED THE DEPUTY JANE MICHEL AFTER FINDING THAT SHE UNINTENTIONALLY FAILED TO OBEY A SUBPOENA."
Appellant argues that a contempt charge for failure to obey a subpoena is criminal in nature and must be proven beyond a reasonable doubt. Appellant claims that, according to Clevelandv. Reed (1977), 54 Ohio App.2d 147, evidence must be presented of intent to disobey the subpoena. Appellant contends that she merely forgot about the hearing and that mere forgetfulness is not evidence of intent to disobey a court order. Appellant has misconstrued the intent requirement of Cleveland v. Reed and her first assignment of error is without merit.
Contempt proceedings are special proceedings through which courts enforce their lawful orders. City of Cincinnati v.Cincinnati District Council 51 (1973), 35 Ohio St.2d 197, 202. "Fundamentally, the law of contempt is intended to uphold and ensure the effective administration of justice. Of equal importance is the need to secure the dignity of the court and to affirm the supremacy of law." Cramer v. Petrie (1994). 71 Ohio St.3d 131,133. An appellate court will not reverse a trial court's finding of contempt absent an abuse of discretion. Stateex rel. Ventrone v. Birkel (1981), 65 Ohio St.2d 10, 11. An abuse of discretion implies an attitude that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
Contempt proceedings are of two natures; either civil or criminal. The two types of contempt can be distinguished primarily by the character and purpose of the punishment rendered in each case. Brown v. Executive 200 (1980), 64 Ohio St.2d 250,253. "Punishment is remedial or coercive and for the benefit of the complainant in civil contempt. The contemnor is said to carry the keys of his prison in his own pocket since he will be freed if he agrees to do as ordered." Id. Criminal contempt, on the other hand, is characterized by unconditional penalties which serve to punish the contemnor for past acts of disobedience.Denovchek v. Trumbull Cty. Bd. of Commrs. (1988), 36 Ohio St.3d 14,16.
Contempt proceedings can also be distinguished between direct and indirect contempt. "Direct contempt involves misbehavior or disobedience of a court order that occurs in the presence of the court, whereas indirect contempt involves an act or conduct that takes place outside the presence of the court." In re Carroll
(1995), 28 Ohio App.3d 6, 8.
Although the power to punish for contempt is inherent in Ohio's courts, contempt proceedings are also governed by statute. Cityof Cincinnati v. Cincinnati Dist. Council 51 (1973), 35 Ohio St.2d 197,207. R.C. 2705.02 defines those acts which may be punished as for a contempt:
 "A person guilty of any of the following acts may be punished as for a contempt:
 "(A) Disobedience of, or resistance to, a lawful writ, process, order, rule judgment, or command of a court or an officer;"
R.C. 2705.03 requires that a written charge be filed, that an entry be made on the court's journal and that the accused be given an opportunity to be heard by himself or with counsel.
A person charged with indirect criminal contempt is entitled to all the procedural due process protections afforded in criminal proceedings, including the right to notice of the charges, the right to defend oneself and be heard, the right to counsel and the right that there be proof beyond a reasonable doubt to support a conviction. United Mine Workers v. Bagwell (1994),512 U.S. 821, 826. In addition, there must be proof that the alleged contemnor intended to defy the court. Midland Steel Prods. Co. v.U.A.W. Local 486 (1991), 61 Ohio St.3d 121 at paragraph two of syllabus. This need not be malicious intent. A person is presumed to intend the natural, reasonable and probable consequences of his or her voluntary acts and intent can be determined from the surrounding facts and circumstances. State v. Carter (1995),72 Ohio St.3d 545, 554. Intent can be evidenced by reckless or indifferent disregard to a court order which requires a person to appear in court at an appointed hour. City of East Cleveland v.Reed, supra., at 151.
Appellant admitted at her contempt hearing that she received a subpoena for the October 8, 1996 hearing. Appellant had an opportunity to present a defense or offer an excuse as to why she did not appear at the hearing at the appointed hour. Her defense was that she forgot about it. Appellant was undoubtedly aware that the trial court had charged Mr. Rodney Sprankle with contempt for not appearing at the August 23, 1996 hearing. As a law enforcement officer, Appellant should also have been aware of the importance of subpoenas in the timely and efficient administration of justice. Although it is possible that forgetfulness in conjunction with other facts might indicate excusable neglect, mere forgetfulness indicates an indifferent attitude toward a court order. Appellant's indifference satisfies the intent requirement of Midland Steel Prods. Co. and City ofEast Cleveland v. Reed, and therefore Appellant's assignment of error is without merit.
In her second assignment of error Appellant contends:
 "THE TRIAL COURT INCORRECTLY PUNISHED DEPUTY MICHEL FOR FAILING TO OBEY A SUBPOENA WHEN SHE WAS NOT A NECESSARY WITNESS."
Appellant relies on R.C. 2151.28 (J) which states:
 "Any person whose presence is considered necessary * * * may be subpoenaed to appear and testify at the [juvenile] hearing. Any one summoned or subpoenaed to appear who fails to do so may be punished * * * for contempt of court."
Appellant argues that she was not a necessary witness because the state had another witness scheduled to testify who had first-hand information to relay. Appellant maintains that if she was not a necessary witness she could not be punished for contempt for failure to obey the subpoena. A clear reading of the statute indicates that the decision as to whether or not a person's presence is necessary at a juvenile hearing is made prior to issuing the subpoena. Once the subpoena is issued that person named in the subpoena has already been determined to be necessary at the hearing and can be punished for contempt for not appearing.
Juv.R. 17 (H) provides, in pertinent part: "All issues concerning subpoenas shall be resolved prior to the time otherwise set for hearing or trial." If Appellant questioned whether she was truly needed at the hearing she should have resolved this with the prosecutor and the court before the hearing. There is nothing in the record indicating that Appellant had any disputes about the September 19, 1996 subpoena and therefore she is precluded from raising such issues on appeal. By virtue of the uncontested subpoena Appellant was by definition a necessary witness for the October 8, 1996 hearing. Appellant failed to appear as per the subpoena and according to the plain words of R.C. 2151.28 (J) she can be punished for contempt because of her failure to appear. Appellant's second assignment of error is without merit.
For the foregoing reasons the judgment of the trial court is affirmed.
Donofrio, J., Vukovich, J., concurs.
APPROVED
 ___________________________________ CHERYL L. WAITE, JUDGE