[Cite as *State v. Yambrisak*, 2011-Ohio-5373.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


THE STATE OF OHIO,

        Plaintiff-Appellee,

v.

BYRON E. YAMBRISAK,

        Defendant-Appellant.


|  |  |
|---|---|
| : | JUDGES: |
| : | Hon. W. Scott Gwin, P.J. |
| : | Hon. Julie A. Edwards, J. |
| : | Hon. Patricia A. Delaney, J. |
| : |  |
| : |  |
| : |  |
| : | Case No. 2011-CA-0038 |
| : |  |
| : |  |
| : |  |
| : | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal appeal from the Mansfield
                                        Municipal Court, Case No. 2009-CRB-4883

JUDGMENT:                              Reversed and Remanded


DATE OF JUDGMENT ENTRY:        October 17, 2011


APPEARANCES:

For Plaintiff-Appellee                         For Defendant-Appellant

SHARON M. WESSELMAN
ASSISTANT LAW DIRECTOR            RANDALL E. FRY
CITY OF MANSFIELD                   10 West Newlon Place
30 N. Diamond Street                 Mansfield, OH 44902
Mansfield, OH 44902

*Gwin, P.J.*

{¶ 1}  Defendant-appellant Byron E. Yambrisak appeals from the March 29, 2011 Judgment Entry of the Mansfield Municipal Court finding him in contempt of court. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶ 2}  On December 5, 2009, appellant was charged with violating a protection order in *State of Ohio v. Byron Yambrisak*, Mansfield Municipal Court, Case No. 2009-CRB-4883. Due to the personally sensitive facts in this case, the parties consented to enter into mediation in an attempt to resolve this case without a criminal trial. This mediation took place on May 26, 2010, and a resolution for this mediation was discussed June 6, 2010.[1] By Judgment Entry filed October 6, 2010 the trial court set forth the agreement of the parties which included that the victim and appellant were to have no further contact, including "phone calls and internet postings."

{¶ 3}  On September 28, 2010 the State filed a "Motion for Hearing to Show Cause" contending that appellant violated the May 26, 2010 order by posting blogs on the internet which refer to the victim and the above mentioned case.

{¶ 4}  On March 3, 2011, a contempt hearing was held. The trial court permitted the State to call appellant as a witness during the State's case-in-chief. Appellant was the sole witness to testify at the show cause hearing.  At the conclusion of the hearing, the trial court found appellant violated the order. The trial court then sentenced appellant to thirty days in the Richland County Jail starting immediately and after ten

---

[1] No transcript of the mediation or any subsequent court hearing to discuss the mediation has been filed with this appeal.

days the Court stated it would discuss with the appellant a mental health assessment and possible placement in the Mental Health Court program.

{¶ 5} It is from the trial court's March 3, 2011 Judgment Entry finding him in contempt of court that appellant has timely appealed raising the following two Assignments of Error:

{¶ 6} "I. THE DEFENDANT-APPELLANT CONTENDS THAT THE CONTEMPT HEARING HELD ON MARCH 3, 2011, IN MANSFIELD MUNICIPAL COURT WAS NOT A CIVIL CONTEMPT HEARING BUT WAS A CRIMINAL CONTEMPT HEARING. AS A RESULT OF THIS BEING A CRIMINAL CONTEMPT HEARING, THE DEFENDANT-APPELLANT WAS ENTITLED TO INVOKE HIS FIFTH AMENDMENT RIGHTS, AS STATED IN THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION. THE DEFENDANT-APPELLANT CONTENDS THAT THE CONTEMPT HEARING WAS A CRIMINAL CONTEMPT HEARING AND THEREFORE, HE SHOULD NOT HAVE BEEN COMPELLED TO BE A WITNESS AND TESTIFY AGAINST HIMSELF, AND HE SHOULD HAVE BEEN ADVISED OF HIS FIFTH AMENDMENT RIGHTS.

{¶ 7} "II. THE DEFENDANT-APPELLANT CONTENDS THAT THE PLAINTIFF-APPELLEE PRESENTED NO EVIDENCE BY WHICH THE TRIAL JUDGE COULD CONCLUDE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT-APPELLANT WAS THE AUTHOR OF THE BLOGS, WHICH THE PLAINTIFF-APPELLEE STATES VIOLATED THE JUDGMENT ENTRY OF MAY 26, 2010, LEADING THE TRIAL COURT TO FIND THE DEFENDANT-APPELLANT IN CONTEMPT OF COURT."

I.

{¶ 8} In his First Assignment of Error, appellant argues the trial court violated his rights under the Fifth Amendment to the United States Constitution when it permitted the State to call him as a witness on cross-examination during its case-in-chief. We agree.

{¶ 9} The Fifth Amendment to the United States Constitution provides, in pertinent part, as follows: "No person * * * shall be compelled in any criminal case to be a witness against himself."

{¶ 10} The Fifth Amendment applies in both criminal and civil proceedings. *Lefkowitz v. Turley* (1973), 414 U.S. 70, 77, 94 S.Ct. 316; *Cincinnati v. Bawtenheimer* (1992), 63 Ohio St. 3d 260, 264. In a criminal proceeding, the Fifth Amendment permits a criminal defendant to completely refuse to testify. Id. By contrast, in a civil proceeding, the Fifth Amendment prohibits the state from compelling a witness to testify regarding a matter that "may tend to incriminate" the witness in a future criminal proceeding. *Tedeschi v. Grover* (1988), 39 Ohio App.3d 109, 111, 529 N.E.2d 480. "Compulsion, in this sense, arises whenever some penalty * * * is imposed for failing to offer testimony." Id. The privilege applies to evidence that could directly support a criminal conviction, to information that would furnish a link in the chain of evidence that could lead to prosecution, and to evidence that a person reasonably believes could be used against him in a criminal prosecution. *Cincinnati v. Bawtenheimer,* supra.

{¶ 11} In the case at bar, the only witness to testify at the show cause hearing was appellant. He was called to testify by the State. On four occasions during questioning by the prosecutor, appellant attempted to invoke his Fifth Amendment

protection against self-incrimination. The trial court ordered appellant to answer the questions. (T. at 17, 21, 27, 28).

{¶ 12} A court may punish disobedience of its order pursuant to both R.C. 2705.02(A) and its inherent power to enforce its authority. *Zakany v. Zakany* (1984), 9 Ohio St.3d 192, 459 N.E.2d 870, syllabus. Contempt may be either direct or indirect. *In re Purola* (1991), 73 Ohio App. 3d 306, 310, 596 N.E.2d 1140. In addition, "[c]ontempt is further classified as civil or criminal depending on the character and purpose of the contempt sanctions." *Purola* at 311, 596 N.E.2d 1140. "Civil contempt is designed to benefit the complainant and is remedial in nature. * * * Thus, an individual charged with civil contempt must be permitted to appear before the court and purge himself of the contempt by demonstrating compliance with the court's order." *State v. Miller,* Holmes App. No. 02 CA 16, 2003-Ohio-948, ¶ 28, citing *Purola,* supra.

{¶ 13} The key feature of civil contempt is that a sanction for civil contempt must allow the contemnor the opportunity to purge him or herself of contempt." *O'Brien v. O'Brien,* Delaware App.No.2003-CA-F12069, 2004-Ohio-5881, ¶ 68, citing *Burchett v. Miller* (1997), 123 Ohio App.3d 550, 552, 704 N.E.2d 636 (additional citations omitted).

{¶ 14} In contrast, the punishment in a criminal contempt action generally consists of an unconditional prison sentence. Imprisonment for criminal contempt serves as punishment for a completed act of disobedience, vindicating the authority of the court. *Brown v. Executive 200, Inc.* (1980), 64 Ohio St. 2d 250, 253, 416 N.E. 2d 610. Therefore, in order to constitute criminal contempt, a sanction must have an "overriding punitive purpose [.]" *State v. Kilbane* (1980), 61 Ohio St.2d 201, 206, 400 N.E.2d 386.

**{¶ 15}** The pertinent test in distinguishing criminal and civil contempt is as follows: "what does the court primarily seek to accomplish by imposing sentence?" *Shillitani v. U.S.* (1966), 384 U.S. 364, 370, 86 S.Ct. 1531. Although imprisonment can result from a civil contempt finding, the primary purpose of imprisonment in the civil context is remedial,

**{¶ 16}** "But imprisonment for civil contempt is ordered where the defendant has refused to do an affirmative act required by the provisions of an order which, either in form or substance, was mandatory in its character. Imprisonment in such cases is not inflicted as a punishment, but is intended to be remedial by coercing the defendant to do what he had refused to do. The decree in such cases is that the defendant stand committed unless and until he performs the affirmative act required by the court's order." *Gompers v. Buck's Stove & Range Co.* (1911), 221 U.S. 418, 442, 31 S.Ct. 492, 498.

**{¶ 17}** In the case sub judice, the trial court imposed an unconditional thirty-day jail sentence upon appellant. The trial court imposed this sentence strictly as a punishment for appellant's disobedience of the prior orders of the court. Thus, the thirty-day unconditional jail sentence was punishment for indirect criminal contempt. *Beltz v. Beltz*, Stark App. Nos. 2005CA00193, 2005CA00194, 2006-Ohio-1144 at ¶46.

**{¶ 18}** Accordingly, the trial court committed reversible error by overruling appellant's objection to testifying in response to the questions that would result in proving either directly or indirectly that he violated the prior court order.

**{¶ 19}** Appellant's First Assignment of Error is sustained.

**{¶ 20}** In light of our disposition of appellant's First Assignment of Error, we find appellant's Second Assignment of Error to be premature.

{¶ 21} Accordingly, we reverse the judgment of the Mansfield Municipal Court, Richland County, Ohio and remand this cause to the trial court for further proceedings consistent with this opinion.


By Gwin P.J.,

Edwards, J., and Delaney, J., concur


_____
HON. W. SCOTT GWIN

_____
HON. JULIE A. EDWARDS

_____
HON. PATRICIA A. DELANEY

WSG:clw 0927

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

THE STATE OF OHIO                    :
                                     :
        Plaintiff-Appellee,          :
                                     :
                                     :
v.                                   :        JUDGMENT ENTRY
                                     :
BYRON E. YAMBRISAK,                  :
                                     :
                                     :
        Defendant-Appellant.         :        CASE NO. 2011-CA-0038


For the reasons stated in our accompanying Memorandum-Opinion, we reverse the judgment of the Mansfield Municipal Court, Richland County, Ohio and remand this cause to the trial court for further proceedings consistent with this opinion. Costs to appellee.


_____
HON. W. SCOTT GWIN

_____
HON. JULIE A. EDWARDS

_____
HON. PATRICIA A. DELANEY