[Cite as *In re Guardianship of Finan*, 2014-Ohio-3572.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| IN RE: GUARDIANSHIP OF DONALD FINAN, AN INCOMPETENT | : : : : : : : : : : : : | JUDGES: Hon. William B. Hoffman, P.J. Hon. W. Scott Gwin, J. Hon. John W. Wise, J. <br><br> Case No. 2013CA00212 <br><br> O P I N I O N |

CHARACTER OF PROCEEDING:     Civil appeal from the Stark County Court of
                             Common Pleas, Probate Division, Case No.
                             217368

JUDGMENT:                    Reversed and Remanded

DATE OF JUDGMENT ENTRY:      August 18, 2014

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

STEPHEN GINELLA, JR.                      JEFFREY JAKMIDES
3600 Cleveland Avenue N.W.                325 East Main Street
Suite 6                                   Alliance, OH 44601
Canton, OH 44709

*Gwin, J.*

{¶1} Appellant appeals the October 2, 2013 judgment entry by the Stark County Court of Common Pleas, Probate Division, finding her in contempt of court, sentencing her to thirty (30) days in jail, and fining her $250.00.

*Facts & Procedural History*

{¶2} On August 8, 2013, the limited guardian for Donald Finan ("Finan") filed a motion to revoke power of attorney and a hearing request on the motion. The limited guardian asked the trial court to revoke the power of attorney held by appellant Barbara Lockhart ("Lockhart") on behalf of Finan. The trial court set a hearing on the motion for August 15, 2013 and sent the notice to Lockhart at a Union Avenue and a Norman Avenue address by ordinary mail on August 12, 2013, three days prior to the scheduled hearing. Lockhart did not appear at the hearing and the trial court revoked any power of attorney Lockhart held for Finan. On August 15, 2013, the trial court issued a citation to appear to Lockhart, ordering her to appear on August 27, 2013 to provide an accounting of any/all transactions and/or funds deposited, transferred, or expended under the power of attorney. The judgment entry states that Lockhart was to be served with the citation by certified and ordinary mail to both the Union Avenue and Norman Avenue addresses. A docket entry on August 15, 2013 provides that Lockhart was sent ordinary mail notice of the citation to both addresses. There is no similar docket entry indicating when certified mail was sent to Lockhart.

{¶3} The trial court issued a second citation to appear to Lockhart on September 3, 2013, setting a hearing for September 17, 2013, for Lockhart to show cause why she should not be sentenced for contempt of court for failing to appear at the

August 27th hearing.  The citation stated that the failure to appear at the September 17th hearing may result in the issuance of an order for arrest; that if Lockhart was indigent, she had to apply for a public defender or court-appointed counsel within three (3) business days after receipt of the summons; that the court may refuse to grant a continuance if Lockhart fails to make a good faith effort to obtain counsel or a public defender; and set forth the possible penalties if Lockhart was found guilty of contempt, including a fine and definite terms of imprisonment.  The citation stated personal service would be made on Lockhart at the Norman Avenue address.  On September 5, 2013, the same citation as was issued on September 3, 2013 was again issued to Lockhart that stated personal service would be made on Lockhart at a Beeson Street address.  A return of process server was filed on September 9, 2013 indicating the citation to appear was personally served to Lockhart.

{¶4}  Lockhart appeared at the hearing on September 17, 2013.  She testified at the hearing that she did not receive notice of the prior hearings and confirmed her address was the Norman Avenue address.  Lockhart stated that any funds she garnered from Finan's power of attorney went to buy items or pay bills associated with a home occupied by Finan's daughter.  The trial court continued the hearing to September 24, 2013 and ordered Lockhart to provide specific documents, bank statements, and the power of attorney documents.  The trial court indicated Lockhart's failure to appear and bring the required documentation may result in a finding of contempt.  Notice was sent to Lockhart via certified and ordinary mail at the Norman Avenue and Beeson Street addresses.

{¶5} On September 24, 2013, a hearing was held and Lockhart did not appear. Attorney Bellew, the attorney for Finan's daughter, requested a continuance of the hearing, which the trial court denied. The trial court issued a judgment entry on September 25, 2013 and found Lockhart in contempt for failing to appear and produce the documentation as instructed at the September 17th hearing. The trial court also issued a bench warrant for Lockhart. The judgment entry provided that Lockhart could purge her contempt by appearing on October 2, 2013 at 1:30 p.m. at the Stark County Probate Court and providing the specific documentation set forth in the judgment entry. There is no indication in the judgment entry or on the docket how the judgment entry was to be served on Lockhart. A process server filed a document entitled "citation served" in which the process server stated that he personally delivered a true copy of the "within notice" to Lockhart on September 26, 2013.

{¶6} Lockhart was arrested on October 1, 2013. On October 2, 2013, Lockhart was transported from the Stark County Jail to the trial court for a hearing. The trial court inquired if Lockhart had the documents. Lockhart said she did not and that she did not appear at the hearing on September 24, 2013 because it was her understanding that Attorney Bellew was going to represent her in the matter and had requested a continuance of the hearing on that day. The trial court informed Lockhart that the record did not reflect that a motion to continue was filed or that Attorney Bellew represented Lockhart in the matter.

{¶7} On the record and in an October 2, 2013 judgment entry, the trial court found Lockhart in contempt for failing to appear at the September 25th hearing and for failing to produce the documents, statements, and receipts as ordered on September

17th and September 25th. The trial court ordered that: Lockhart was sentenced to jail for thirty (30) days, Lockhart was fined $250.00, and costs were assessed to Lockhart. The trial court issued an order to commit Lockhart for thirty (30) days in the Stark County Jail for willful contempt and provided the release date for Lockhart was November 2, 2013. Lockhart was subsequently released from the Stark County Jail on October 11, 2013 after the trial court conditionally granted a motion to suspend sentence filed by Lockhart.

{¶8} Appellant appeals the October 2, 2013 judgment entry and assigns the following as error:

{¶9} "I. THE LOWER COURT'S ACTION IN FINDING MS. LOCKHART IN CONTEMPT OF COURT WAS AN ABUSE OF DISCRETION, AND AS SUCH SHOULD BE REVERSED. THERE WAS NO SHOWING OF INTENT TO DEFY THE COURT, AND BY ISSUING A WARRANT FOR APPELLANT'S ARREST THE COURT ACTIVELY PREVENTED THE APPELLANT FROM COMPLYING WITH THE ORDER IN QUESTION.

{¶10} "II. THE LOWER COURT DENIED MS. LOCKHART HER RIGHT TO DUE PROCESS BY FAILING TO INFORM HER OF HER RIGHT TO COUNSEL AND BY FORCING HER TO TESTIFY AT THE OCTOBER 2, 2013 HEARING."

I.

{¶11} Lockhart argues the trial court abused its discretion in finding her in contempt of court as there was no showing of intent to defy the court as is required in criminal contempt proceedings. Appellee contends the contempt was a civil contempt proceeding and Lockhart was incarcerated until she provided some of the documents.

Alternatively, appellee argues the trial court properly found appellant in criminal contempt. We agree with appellant.

{¶12} An appellate court's standard of review of a trial court's finding of contempt is abuse of discretion. *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 573 N.E.2d 62 (1991). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

*Civil v. Criminal Contempt*

{¶13} Although the distinction between civil and criminal contempt is often murky, it is important. *Internat'l Union, United Mine Workers of Amer. v. Bagwell*, 512 U.S. 821, 827, 114 S.Ct. 2552, 129 L.Ed. 2d 642 (1994). In determining the nature of a contempt, a reviewing court is not bound to the trial court's characterization of the contempt as civil or criminal but must independently ascertain the nature of the contempt. *Contex, Inc. v. Consolidated Technologies, Inc.*, 40 Ohio App.3d 94, 531 N.E.2d 1353 (8th Dist. 1988).

{¶14} When distinguishing between civil and criminal contempt, courts consider the character and purpose of the contempt sanctions. *Denovcheck v. Board of Trumbull Co. Commissioners*, 36 Ohio St.3d 14, 520 N.E.2d 1362 (1988). The purpose of civil contempt is to render punishment that is remedial or coercive and for the benefit of the complainant. *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 416 N.E.2d 610 (1980). Thus, prison sentences are conditional (i.e. the contemnor is imprisoned until he obeys the order) and once the contemnor purges his contempt, any sanctions will be

discontinued because the contemnor has complied with the order. *Id.* In a civil contempt, the contemnor is said to "carry the keys of his prison in his own pocket" because she will be freed as soon as she purges the contempt by stopping the violation. *Id.*

{¶15} The purpose of criminal sanctions is to vindicate the authority of the court and punish past acts of disobedience and thus the penalties for criminal contempt are unconditional and "may take the shape of an absolute fine for a specific amount or a determinate period of confinement." *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 416 N.E.2d 610 (1980). "Where unconditional imprisonment is imposed as punishment for the contemnor's disobedience, the contempt is criminal." *Id.*

{¶16} In this case, the purpose of the punishment imposed by the trial court, as noted by the judgment entry of the trial court, is premised on Lockhart's alleged disobedience in failing to comply with the prior order of the court. The trial court did not condition the $250.00 fine or the thirty (30) day jail sentence on Lockhart's compliance with the court order to produce the documents and no purge conditions were given to Lockhart by the trial court at the hearing or in the judgment entry on October 2, 2013. The thirty (30) day jail sentence and $250.00 fine were unconditional, punitive in nature, and were designed to vindicate the authority of the court. By imposing the sentence, the trial court was punishing Lockhart for her past refusal to obey a court order. See *In the Matter of Cox*, 11th Dist. Geauga No. 98-G-2183, 98-G-2184, 1999 WL 1312688 (Dec. 23, 1999). Based upon the sentence of the court, Lockhart was not coerced into abiding by the terms of the previous orders, but was being punished for having failed to

do so in the first place. Thus, the unconditional jail sentence and fine were punishment for criminal contempt. See *In re W.F.*, 12th Dist. No. CA2010-10-029, 2011-Ohio-3012.

*Criminal Contempt*

{¶17} The burden of proof in an indirect criminal contempt proceeding is proof beyond a reasonable doubt. *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 252, 416 N.E.2d 610 (1980). In cases of indirect criminal contempt, intent to violate the order or defy the court is an essential element. *In re Purola*, 73 Ohio App.3d 306, 596 N.E.2d 1140 (3rd Dist. 1991). In an effort to ascertain an alleged contemnor's intent, the court must consider the totality of the circumstances. *Id.* An appellate court, when reviewing a trial court's finding of indirect criminal contempt, must determine whether sufficient evidence existed for the trial court to reasonably conclude beyond a reasonable doubt that the contemnor purposely, willfully, or intentionally violated a prior court order. See *Midland Steels Prods. Co. v. U.A.W. Local 486*, 61 Ohio St. 3d 121, 573 N.E.2d 98 (1991). Simply failing to appear at a hearing alone does not prove intent to commit contemptuous conduct. *City of East Cleveland v. Reed*, 54 Ohio App.2d 147, 376 N.E.2d 973 (1977). Further, an erroneous assumption does not rise to the level of intentional disobedience. *City of Cleveland v. Ramsey*, 56 Ohio App.3d 108, 564 N.E.2d 1089 (8th Dist. 1988).

{¶18} After considering the totality of the circumstances and reviewing the record, we find that there was insufficient evidence before the trial court that Lockhart, beyond a reasonable doubt, intended to defy the court or obstructed the administration of justice. See *Midland Steels Prods. Co. v. U.A.W. Local 486*, 61 Ohio St. 3d 121, 573 N.E.2d 98 (1991). At the contempt hearing, there was no evidence presented that

Lockhart acted intentionally. Lockhart appeared at the September 17, 2013 hearing, testified, and answered the questions presented to her by the trial court. Lockhart stated that she contacted Attorney Bellew, discussed hiring him to represent her, and understood from her conversation with him that he had filed a motion to continue the hearing on September 24, 2013. Further, that she thought Attorney Bellew submitted to the trial court documents she provided him with. Lockhart testified this is why she did not appear and would have appeared with the documents otherwise. Further, Lockhart was arrested prior to the hearing date provided by the trial court in its judgment entry instructing Lockhart when she should appear to purge her contempt and thus Lockhart could not provide the documents on the October 2, 2013 date and time set for the hearing because she was transported directly from the Stark County Jail to the hearing. These actions do not rise to intentional acts of disobedience. Based upon these facts, Lockhart's actions in failing to appear at the September 24, 2013 hearing and present the documents as ordered by the trial court cannot be categorized as intentional, willful, and for an illegitimate or improper purpose. Therefore, we find the trial court abused its discretion in finding Lockhart guilty of criminal contempt. See *In re Contempt of Leary*, 8th Dist. No. 96424, 2011-Ohio-6626.

{¶19} Appellant's first assignment of error is sustained.

II.

{¶20} Appellant contends the trial court erred in denying her due process by failing to inform her of her right to counsel and by forcing her to testify at the October 2, 2013 hearing. Appellee argues that summary sanctions against Lockhart were

warranted, so the trial court did not violate appellant's due process rights by failing to inform her of her right to counsel and right against self-incrimination.

{¶21} A party subject to indirect criminal contempt is afforded many of the same constitutional safeguards and due process rights as a defendant in a criminal trial. *U.S. v. Dixon*, 509 U.S. 688, 696, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993); *Camp-Out Inc. v. Adkins*, 6th Dist. No. WD-06-057, 2007-Ohio-3946. Specifically, a person charged with indirect criminal contempt is "entitled to all the procedural due process protections afforded in criminal proceedings, including the right to notice of the charges, the right to defend oneself and be heard, the right to counsel, and the right that there be proof beyond a reasonable doubt to support a conviction." *International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 826, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994). With respect to the right to counsel, a waiver of the right to counsel will not be presumed from a silent record. *Carnley v. Cochran*, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962). The record must show that an accused was offered counsel but intelligently and understandingly rejected the offer. *City of Garfield Hts. v. Brewer*, 17 Ohio App.3d 216, 479 N.E. 2d 309 (8th Dist. 1984).

{¶22} Appellee argues the trial court did not abuse its discretion because Lockhart was being punished for summary contempt. We disagree.

{¶23} When the actions are a failure to comply with a court order and occur outside the actual or constructive presence of the court, it is indirect contempt. *In re W.F.*, 12th Dist. No. CA2010-10-029, 2011-Ohio-3012; *Beltz v. Beltz*, 5th Dist. No 2005CA00193, 2006-Ohio-1144. When the judge lacks personal knowledge of the alleged act of contempt or where there is an absence of an immediate threat to the

administration of justice, the contempt is indirect. *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797 (1911). Further, the failure to appear at or arriving late at a hearing is indirect contempt. *City of East Cleveland v. Reed*, 54 Ohio App.2d 147, 376 N.E.2d 973 (8th Dist. 1977). Direct contempt occurs in the presence of the court and obstructs the administration of justice. R.C. 2705.01. To justify a finding of summary contempt the act must pose a threat that requires immediate sanction to preserve the dignity and authority of the court and was designed to fill "the need for immediate penal vindication of the dignity of the court." *Cooke v. United States*, 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767 (1925). Summary contempt is reserved for cases where there is such a "serious threat to orderly procedure that instant and summary punishment, as distinguished from due and deliberate procedures [is] necessary." *Harris v. United States*, 382 U.S. 162, 165, 86 S.Ct. 352, 15 L.Ed.2d 240 (1965).

**{¶24}** In this case, Lockhart failed to appear at the September 24th hearing and failed to produce the documents as required by the court's prior order. Lockhart's acts occurred outside the presence of the trial court and therefore must be characterized as indirect contempt. The actions in this case do not rise to the level of a serious threat to orderly proceedings that required an immediate sanction to preserve the dignity and authority of the court. There is nothing in the record to indicate Lockhart's actions rose to the level of summary contempt.

**{¶25}** Accordingly, since Lockhart was found in indirect criminal contempt, she had the right to notice of the charges, the right to defend oneself and be heard, the right to counsel, and the right that there be proof beyond a reasonable doubt. In this case,

there is no evidence the trial court made the necessary finding that the contempt was proven beyond a reasonable doubt.  Further, at the hearing on October 2, 2013, Lockhart was not informed of her right to counsel and did not intelligently or understandingly reject an offer of counsel.  Appellant's second assignment of error is sustained.

{¶26} Based on the foregoing, the order of contempt is reversed, the award of sanctions is vacated, and the matter is remanded to the trial court for further proceedings consistent with this decision.  Appellant's first and second assignments of error are sustained.

By Gwin, P.J.,

Hoffman, J., and

Wise, J., concur